John Henry FRANKLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–83–0850–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 6, 1984.

Warren G. Clark, Jr., Anahuac, for appellant.

Eugene T. Jenson, County Atty., for Chambers County, Anahuac, for appellee.

Before EVANS, C.J., and JACK SMITH and DUGGAN, JJ.

## OPINION

EVANS, Chief Justice.

A jury convicted the appellant of illegal use of shrimping equipment in violation of Tex.Parks & Wild.Code Ann. sec. 77.084 (Vernon Supp.1984). The trial court assessed his punishment at a fine of $150. The appellant brings two grounds of error on appeal, both challenging the sufficiency of the evidence.

In his first ground of error, appellant asserts that the state failed to prove that he *intentionally* and *knowingly* had on board his boat two trawl doors. The statute does not by its terms require intentional or knowing possession of the trawl doors, but where no culpable mental state is specifically listed in a criminal statute, proof of a culpable mental state is still required. Tex.Penal Code Ann. secs. 6.02(b), 1.03(b) (Vernon 1974). The indictment in the case at bar alleged that appellant:

> did then and there unlawfully, intentionally and knowingly, have on board a boat controlled by said defendant ... in the inside water for use on the inside water ... more than one set of trawl doors.

Unnecessary allegations in an indictment must be proved as alleged if they are descriptive of an essential element of the crime. *Windham v. State*, 638 S.W.2d 486 (Tex.Crim.App.1982).

The evidence shows that appellant owned the boat on which he was found in the inside waters of the Gulf of Mexico. On board the boat were two sets of wet nets, both containing fresh fish and shrimp. When confronted by the state game wardens, appellant denied that he was using both of the trawl doors and nets. One net was attached to trawl doors on the port side of the boat, and on the starboard side there was another set of trawl doors racked up, and another net containing live fish and shrimp was on the stern of the boat. Both sets of trawl doors were wet and muddy. One of the game wardens testified that, in his opinion, both of the trawl doors had been used to catch the fish and shrimp in the inside waters, because the fish would not have still been alive if they had been caught in the gulf. When the boat reached the dock, it was again examined by another state game warden who testified:

> A. I observed on that boat two sets of shrimp trawler doors, one set attached to a large shrimp trawl, cables attached to the trawler doors and run through the rigging and to the winch cables—Excuse me, to the winch.
>
> The other set of doors were wet, muddy, and shell was dripping off of them onto the deck.
>
> The winch cables were attached to the door. They were through the rigging and through the winch. The net was not attached. It was piled on the rear part of the boat.
>
> In the net—In both nets was a quantity of fresh seafood, menhaden, shrimp, and crabs, and other types of fish.

Intent need not be proven by direct evidence, and it may be inferred from the acts of the accused. *Dues v. State*, 634 S.W.2d 304 (Tex.Crim.App.1982). We find that the evidence was sufficient to prove that appellant intentionally and knowingly had the two sets of trawl doors on his boat for use in catching fish and shrimp in the inside waters of the gulf. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the circumstantial evidence amounted only to a suspicion or a mere probability of his participation in the offense. On appeal, the standard for review is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983) (op on reh'g). The evidence shows that appellant owned the boat, and that two sets of trawl doors were on the boat showing signs of recent use in the inside waters of the gulf. Viewing the

evidence in the light most favorable to the state, we find that the jury could have found all of the elements of the offense beyond a reasonable doubt. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.