Charles Bernette HOLLIMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–84–052–CR.

Court of Appeals of Texas, Waco.

April 25, 1985.

Alan Percely, Percely, Shelsy & Associates, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Karen Zellars, Asst. Dist. Atty., Houston, for appellee.

HALL, Justice.

Pleading not guilty, appellant Charles Bernette Holliman was found guilty by the trial court for the offense of delivery of a simulated controlled substance proscribed in V.A.C.S., Art. 4476–15b as a third-degree felony. Punishment was assessed by the court at confinement in the Texas Department of Corrections for five years, probated for a period of five years, and a fine of $500.00. Appellant seeks reversal on grounds that the statute underlying his conviction violates principles of due process and equal protection, that the evidence was insufficient to support the conviction, and that the indictment is fundamentally defective for failing to state an offense. We overrule these contentions and we affirm the judgment.

Evidence reflects that on the afternoon of December 13, 1983, Officer Donald Alexander of the Houston Police Department was working undercover investigating a club for a liquor violation. Alexander was approached by an individual who asked if he wanted to buy some marihuana. Following Alexander's affirmative reply, the individual told Alexander that he would get some and get back with him. Approximately one hour later appellant approached Alexander and asked him "if he was the dude that wanted to buy the weed." Alexander indicated to appellant that he was the individual. Appellant said that he had three bags for ten dollars each and Alexander said that he wanted to look at it before he bought it. Appellant opened a small manila envelope and poured some of the contents into his hand. Alexander testified that the "greenish-brown leafy substance which contained seeds" appeared to be marihuana. Alexander paid appellant thirty dollars and took possession of the three envelopes. At that time, other officers at the scene identified themselves as police officers and arrested appellant.

The contents of the envelopes were analyzed by a chemist with the Houston Police Department. After his analysis of the substance, the chemist determined that it was not marihuana. He testified that the sub-

stance appeared to be a plant substance that contained leaves, stems and a few seeds and was a gray-light brown color. The substance weighed approximately one-third of an ounce. The chemist stated that based on appearance alone the substance could have been perceived as marihuana.

V.A.C.S., Art. 4476–15b § 3 sets forth several factors "in addition to all other logically relevant factors" which a court may consider "[i]n determining whether a person has represented a simulated controlled substance to be a controlled substance in a manner that would lead a reasonable person to believe the substance was a controlled substance." These factors are:

(1) the simulated controlled substance was packaged in a manner normally used for the delivery of a controlled substance;

(2) the delivery or intended delivery included an exchange of or demand for property in consideration for delivery of the substance and the amount was substantially in excess of the reasonable value of the simulated controlled substance; and

(3) the physical appearance of the finished product containing the substance was substantially identical to a controlled substance.

Appellant asserts there was no evidence to support any of these findings. We disagree. The testimony of Officer Alexander and the chemist clearly established that the physical appearance of the substance was substantially identical to a controlled substance, marihuana. Furthermore, the statute does not require that the court find proof of all or even one of the above factors in order to support a conviction. According to the statute these are merely circumstances which a court may consider, "in addition to all other logically relevant factors" in determining whether a reasonable person would have believed the substance was a controlled substance.

Appellant also asserts that Officer Alexander's testimony that appellant asked him if he wanted to buy some "weed" establishes that appellant did not expressly represent the substance to be marihuana and also defeats the State's claim of simulation. We disagree. Officer Alexander testified that the word "weed" is a street name for marihuana and that when appellant offered to sell "weed", Alexander assumed appellant was offering marihuana. A representation made in this manner under the circumstances present would logically lead a reasonable person to believe the substance which was offered was the controlled substance marihuana. V.A.C.S., Art. 4476–15b § 2(a)(2).

We hold the evidence sufficient to support the conviction. Appellant's third ground of error is overruled.

Appellant complains in his first and second grounds of error that his motions to quash the indictment should have been granted because V.A.C.S., Art. 4476–15b is unconstitutional in that it denies him due process and equal protection of the law. He bases these attacks on the premise that the statute in question does not require the State to prove any particular amount of a simulated controlled substance. He urges that this could result in the possibility that an offense under this statute could carry a potential penalty more severe than that which may be imposed for the actual delivery of marihuana.

Appellant was found guilty of delivery of approximately one-third of an ounce of a simulated controlled substance. Violation of Article 4476–15b is a third-degree felony. V.A.C.S., Art. 4476–15b § 2(d). It is also a third-degree felony to deliver the same amount of marihuana. V.A.C.S., 4476–15 § 4.05(b)(3), as amended effective August 29, 1983. Thus, there is no constitutional defect in the application of the statute in question to appellant and he does not have standing to attack its constitutionality as applied hypothetically. *County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 2223, 60

L.Ed.2d 777 (1979); *Parent v. State*, 621 S.W.2d 796, 797 (Tex.Cr.App.1981). Appellant's first and second grounds of error are overruled.

■ Section 1(1) of the simulated controlled substances statute defines a controlled substance as having "the same meaning as given that term in Section 1.02, Texas Controlled Substances Act (Article 4476-15, Vernon's Texas Civil Statutes)." Section 1.02(5) of the Controlled Substance Act defines a controlled substance within the meaning of the Act to be "a drug, substance, or immediate precursor listed in Schedules I through V and Penalty Groups 1 through 4 of this Act." Although marihuana is listed in Sec. 2.03(d) of Schedule I of the Act, it is not listed in any of the four penalty groups. Penalties for offenses involving marihuana are set forth in Sec. 4.051 et seq. of the Act separately from the penalty groups.

Appellant argues that because marihuana is not listed in a penalty group it cannot, by express statutory definition, be a controlled substance, and he asserts on this argument that the indictment against him did not state an offense because delivery of a simulated controlled substance alleged to be marihuana cannot be an offense. We overrule this contention. The fact that penalties for offenses involving a Schedule-listed substance are treated outside the Penalty Groups of the Act does not preclude the substance from being a controlled substance. *Chalin v. State*, 645 S.W.2d 265, 272-3 (Tex.Cr.App.1982). Moreover, our Court of Criminal Appeals has consistently treated marihuana as a controlled substance within the meaning of the Act. *See* e.g., *Pollan v. State*, 612 S.W.2d 594, 597 (Tex.Cr.App.1981); *Whitaker v. State*, 572 S.W.2d 956 (Tex.Cr.App.1978). "Marihuana is a Schedule I controlled substance." *Whitaker*, 582 S.W.2d at 957. Grounds of error four and five are overruled.

The judgment is affirmed.