**Curley James BOYKIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–88–00983–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 2, 1989.

Discretionary Review Granted Feb. 7, 1990.

Allen M. Tanner, Houston, for appellant.

Cheryl Boyd, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

MURPHY, Justice.

Curley James Boykin appeals from a jury conviction for delivery of a simulated controlled substance. The trial court assessed punishment, enhanced by one prior felony conviction, at ten years. Appellant seeks reversal on the following grounds: (1) the evidence is insufficient to show that he ever expressly represented the substance to be cocaine, and (2) the evidence is insufficient to show delivery because appellant established that the alleged offense could not have occurred in the manner described by the complainant. Because we find insufficient evidence to establish that appellant expressly represented the substance to be cocaine, we reverse the trial court's judgment and order the trial court to enter a judgment of acquittal. Since disposition of this appeal necessitates discussion of only point of error one, we do not address point of error two.

At the time of appellant's arrest, the Houston Police Department was conducting a "crackdown on crack" program. As part of this program, Officer L.P. Boutte had worked undercover, buying narcotics from dealers and participating in the arrests of individuals on narcotics charges. On the night in question, Boutte was to pose as a buyer. In the early evening, Boutte was driving in a targeted neighborhood when a man, later identified as appellant, motioned for the officer to pull over. Boutte stopped and appellant approached the unmarked vehicle and asked the officer what he needed. Boutte requested a "ten cent rock" which he understood to refer to a ten dollar portion of crack cocaine. Appellant replied he only had "twenty cent rocks." The officer agreed to buy one and gave the appellant cash.

Boutte watched the appellant walk to a gate and talk with an unidentified black male. Appellant handed the money to this individual and received something in return. Appellant then returned to Boutte's truck and displayed the substance for Boutte's approval. Boutte accepted the substance and left the scene. Boutte communicated the location and description of appellant to other officers who arrested him. Boutte submitted the substance to the police lab and later learned the substance was not a controlled substance.

The indictment charged that appellant: "intentionally and knowingly deliver[ed] by actual transfer to L.P. Boutte, a simulated controlled substance and the Defendant expressly represented the substance to be a controlled substance, namely, cocaine." The jury charge also required the jury to find that the appellant "expressly represented the substance to be a controlled substance, namely, cocaine."

Appellant contends there is insufficient evidence in the record to support the jury's finding that he expressly represented the substance sold to Officer Boutte to be cocaine. Where a defendant challenges the sufficiency of the evidence, the standard of review is "whether 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'." *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim. App.1989) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). Because the jury charge explains the offense and under what circumstances the jury may convict, we must view the sufficiency of the evidence in light of the charge given. *Stephens v. State,* 717 S.W.2d 338, 339 (Tex. Crim.App.1986).

Under Art. 4476–15b § 2(a), a defendant commits the offense of delivery of a simulated controlled substance if he:

(1) expressly represents the substance to be a controlled substance;

(2) represents the substance to be a controlled substance in a manner that would lead a reasonable person to believe that the substance is a controlled substance; or

(3) states to the person receiving or intended to receive the simulated controlled substance that the person may

successfully represent the substance to be a controlled substance to a third party.

Tex.Rev.Civ.Stat.Ann. Art. 4476–15b § 2(a) (Vernon Supp.1989). We read art. 4476–15b § 2(a) to provide three alternative representations constituting the offense of delivery of a simulated controlled substance. Under § 2(a)(1), the representation of a substance as a controlled substance is express. On the other hand, § 2(a)(2) provides for the situation in which the reference to a controlled substance is not express, but implied. Although the majority in *Stewart v. State*, 718 S.W.2d 286, 288 (Tex.Crim.App.1986) (en banc), read § 2(a)(1) and (2) conjunctively, we do not find this reading of the statute to ease the state's burden of proof where the charged offense specifies the accused expressly represented the substance to be cocaine.

Since the charge in the instant case specified the offense of delivery of a simulated controlled substance under the circumstances set forth in § 2(a)(1), we must determine the sufficiency of the evidence in light of this charge. *See Stephens*, 717 S.W.2d at 339. Officer Boutte's testimony was the only evidence of appellant's representations as to the identity of the substance. Boutte testified that appellant called the substance a "twenty cent rock." Although Boutte explained that the term "rock" is a street name for cocaine, we do not find the use of this term to constitute an express representation of the substance as cocaine.

In *Holliman v. State*, 692 S.W.2d 120, 122 (Tex.App.—Waco 1985, pet. ref'd), the appellant contended the term "weed" did not constitute an express representation that the substance was marijuana. Without referencing the specific charge against the appellant, the court held the use of a street name to be a representation, as set out in § 2(a)(2), that would lead a reasonable person to believe the substance was a controlled substance. *Id.* Since the *Holliman* opinion fails to describe the offense with which Holliman was charged, we do not find *Holliman* persuasive in the instant case where the charged offense speci-

fied an express representation of the substance as cocaine.

The state has the burden of proving "each and every element of the crime beyond a reasonable doubt." *Butler*, 769 S.W.2d at 237. Because an element of the offense charged in this case was that appellant "expressly represented the substance to be a controlled substance, namely cocaine," the state had the burden of proving this beyond a reasonable doubt. *See id.* Even viewed in the light most favorable to the prosecution, the evidence in the record is insufficient to establish that the appellant expressly represented the substance to be cocaine. The record reflects that the appellant used the term "rock," apparently a street name for cocaine, which constitutes a representation, under § 2(a)(2), that would lead a reasonable person to believe the substance to be a controlled substance. *See Holliman*, 692 S.W.2d at 122. The appellant, however, was not charged with committing the offense of delivery of a simulated controlled substance under the circumstances described in § 2(a)(2).

Accordingly, we sustain appellant's first point of error. Having found the evidence insufficient to support the conviction, there can be no further prosecution in this case. *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2151, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978); *Bryant v. State*, 574 S.W.2d 109, 112 (Tex.Crim.App. 1978).

We reverse the judgment of conviction and remand to the trial court to enter a judgment of acquittal.

ROBERTSON, Justice, dissenting.

Believing that the majority opinion is out of step with the realities of the vernacular of those involved in drug trafficking, I respectfully dissent.

Officer Boutte, an eleven and one-half year veteran of the Houston Police Department, assigned to the vice division for the last six and one-half years, testified that the different names for cocaine "on the street" were "rocks, stones, coke, crack. It just depends on the area of town." He

stated that when attempting to buy cocaine on the street, if you go up to a person and say, "I want some cocaine ... you probably wouldn't be able to do any business with the people that sell it."

In response to complaints of residents in a Houston neighborhood that drug sales were being made on the street, Officer Boutte and others were conducting an investigation and making undercover drug buys. On the evening in question, as Boutte was slowly driving his "code car" on the street, appellant waved his hand and the officer stopped. Appellant approached the car and the following testimony explains what happened:

A. He walked up to the right-hand side, the passenger's side. He asked me what did I need; and I told him, I said, hey, I need to buy one of those ten cent rocks.

Q. What does ten cent rocks mean?

A. That means buying a small portion of crack cocaine for the amount of ten dollars.

Q. So ten cents means ten dollars?

A. Yes, sir.

Q. What happened next?

A. The individual told me they didn't have any tens, all they had was twenties. And he was speaking of a little bit larger size for twenty dollars. And still playing a role, I told him, well, I really didn't need a twenty but if that's all he had, I would go ahead and buy one.

Q. And what happened after you said you would buy a twenty?

A. Well, he told me to give him the money, pull my vehicle a little bit farther to the right-hand side of the road so if the cops would come, then I would act like I was parked by the store. It's a store right there on the corner.

Q. Did he tell you all that, or is that just the thing you thought he meant when you said—

A. No, sir, he told me to pull over that way. If the police car would pass by, they wouldn't think anything was suspiciously going on.

Q. Did he say anything else at that time?

A. Yes, sir. He told me when I pulled over there, to turn around and look at him, that he was (sic) trying to rip me off, that he was going to walk back to the fence and get the dope from him.

Q. What is meant, he wasn't trying to rip you off?

A. Well, sir, during this program it was a lot of instances that them would take the money and say they were going to get the dope for you and they would never come back so they would rip you off, just take your money and never return.

Q. But this guy told you to keep an eye on him, that he wasn't going to rip you off?

A. Yes, sir.

While I agree with the majority that there is no evidence that appellant ever expressly represented the substance he sold to Boutte to be "cocaine," I would hold the "street talk" sufficient to constitute an express representation.

The majority holds that a proper indictment in this case should have alleged that appellant represented the substance to be a controlled substance "in a manner that would lead a reasonable person to believe that the substance [was] a controlled substance." TEX.REV.CIV.STAT.ANN. Art. 4476–15b § 2(a) (Vernon Supp.1989). I agree the indictment could have alleged the offense in these terms. Even if it had, however, it is questionable whether the language "they didn't have any tens, all they had was twenties" would lead a reasonable person to believe that the substance was cocaine. Therefore, I do not believe the result reached by the majority solves the problem which this case presents. In fact, it causes more of a problem for police officers attempting to control drug trafficking in our communities.

I respectfully dissent.