Charlie **SIMPSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–89–00463–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 22, 1990.

Thomas D. White, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft and Margaret Stewart, Asst. Dist. Attys., for appellee.

Before WARREN, COHEN and DUNN, JJ.

## OPINION

WARREN, Justice.

Appellant was charged by indictment with delivery of a simulated controlled substance. A jury found appellant guilty, and the court, having found two enhancement paragraphs true, assessed punishment at

30 years confinement in the Texas Department of Corrections.

In three points of error, appellant complains that: (1) the evidence is insufficient to support the jury verdict; (2) there is a fatal variance between the proof offered and the allegations in the indictment; and (3) if the conviction is affirmed, he will be denied due process because the allegations in the indictment did not provide proper notice of the accusation against him. All three points of error rely on the same argument by appellant, and we will consider them collectively.

Before appellant's arrest, Officer C.B. Crosby and Officer L.P. Boutte were conducting a plain-clothed vice investigation at a club where appellant was. As they were getting ready to leave, appellant approached Officer Crosby and told him he had some good "hash" to sell him. Officer Crosby asked appellant to accompany him to his car in the parking lot to complete the sale. Appellant and the two officers went outside to the car, where appellant gave Officer Crosby a matchbox, containing a brown substance, in exchange for $20. Appellant was then placed under arrest and the substance was sent to a chemist to determine what it was. The laboratory analysis revealed that the substance was not "hash," but was a simulated substance.

The crux of appellant's complaint is that the indictment, as he reads it, alleges that he expressly told Officer Crosby that he was selling him "tetrahydrocannabinols," but the proof offered at trial was that he told the officer that he was selling "hash" or "hashish." He claims that the variance between the proof and the allegation is fatal, and tantamount to the evidence being insufficient to support the verdict, requiring us to reverse his conviction and to order an acquittal under *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 25, 98 S.Ct. 2151, 2154–55, 57 L.Ed.2d 15 (1978).

The relevant language used in the indictment reads:

Charlie Simpson ... on or about February 10, 1989, did ... intentionally and knowingly deliver by actual transfer to C.B. Crosby a simulated controlled substance and the Defendant *expressly represented the substance to be a controlled substance*, namely, tetrahydrocannabinols. (Emphasis added.)

We must first point out that we do not agree with appellant's interpretation of the language in the indictment. The indictment does not state that appellant expressly said to Officer Crosby that the substance he was selling was "tetrahydrocannabinols." We find that the indictment states that appellant expressly represented to the officer that he was selling "a controlled substance." Nothing more was required in the indictment to apprise appellant of the charge against him, because that language generally tracks the wording of the statute governing unlawful delivery under the Texas Simulated Controlled Substances Act. Tex.Health & Safety Code Ann. § 482.002 (Vernon Pamph.1990).[1] Generally, an indictment which tracks the language of the penal statute in question is legally sufficient to provide the defendant with notice of the charged offense. *Moreno v. State*, 721 S.W.2d 295, 300 (Tex.Crim.App.1986).

The State alleged a violation under Tex. Health & Safety Code Ann. § 482.002(a), which reads:

(a) A person commits an offense if the person knowingly or intentionally manufactures with the intent to deliver or delivers a simulated controlled substance and the person:

(1) expressly represents the substance to be a controlled substance;

(2) represents the substance to be a controlled substance in a manner that would lead a reasonable person to believe that the substance is a controlled substance; or

(3) states to the person receiving or intended to receive the simulated con-

1. Formerly Tex.Rev.Civ.Stat.Ann. art. 4476–15b, § 2, ch. 306, §§ 1 to 5, 1983 Tex.Gen.Laws 1614, 1614–16, *repealed and recodified by*, ch. 678, §§ 1 and 13(1), 1989 Tex.Gen.Laws 2230, 2952 and 3165.

trolled substance that the person may successfully represent the substance to be a controlled substance to a third party.

Though not required for a valid indictment, the State has chosen to add two specific terms in its allegation against appellant. First, the State has alleged that the mode of committing the crime was by an "express" representation. Second, the State has set out the chemical name for the controlled substance, "tetrahydrocannabinols," that it alleges appellant expressly represented he was selling. We will discuss each specific description in the indictment separately.

■■■ Subject to rare exceptions, an indictment that tracks the words of the penal statute in question is legally sufficient, and definitions of terms and elements, which are defined within the code, are essentially evidentiary and need not be alleged, unless the definition provides for more than one manner or means to commit the act or omission. In such cases, the State must allege, upon timely request, the particular manner or means it seeks to establish. *Lewis v. State,* 659 S.W.2d 429, 431 (Tex. Crim.App.1983).

■■■ Here, the State has alleged that appellant *expressly* represented the simulated substance to be a controlled substance, which falls under § 482.002(a)(1). Failure of an indictment to state the manner and means used in commission of a crime is not in and of itself fundamental error; however, once it has been alleged, it must be proven, just as any other allegation. *Edlund v. State,* 677 S.W.2d 204, 209 (Tex.App.—Houston [1st Dist.] 1984, no pet.). Where unnecessary matter is descriptive of that which is legally essential to the charged crime, it must be proven as

alleged even though needlessly stated. *Polk v. State,* 749 S.W.2d 813, 816 (Tex. Crim.App.1988).

The additional term "expressly" indicates the mode of committing the crime alleged by the State; therefore, that particular allegation must be proven. The State presented evidence that appellant approached Officer Crosby in a club and told him he had some "hash" to sell. Officer Boutte, present when appellant delivered the substance to Crosby in the club parking lot, testified that appellant said the substance he was selling was "hashish." The State also proved that "hash" or "hashish" is a controlled substance in Texas. The evidence, therefore, proved that the appellant expressly represented to the officers that he was selling a controlled substance.

When a term used in the indictment is defined in the statute, it generally need not be further alleged in the indictment. *Garcia v. State,* 747 S.W.2d 379, 380 (Tex.Crim. App.1988). "Simulated controlled substance" is defined to mean a substance that is purported to be a controlled substance, but is chemically different from the controlled substance it is purported to be. Tex.Health & Safety Code Ann. § 482.001(4) (Vernon Pamph.1990).[2] "Controlled substance" is defined to mean a substance, including a drug and an immediate precursor, listed in schedules I through V or penalty groups 1 through 4. Tex. Health & Safety Code Ann. § 481.002(5) (Vernon Pamph.1990).[3] "Tetrahydrocannabinols" is listed in schedule I as a controlled substance. Tex.Health & Safety Code Ann. § 481.032(a)(3) (Vernon Pamph. 1990).[4]

■■■ Because "controlled substance" and "simulated controlled substance" are terms defined in the statute, the State was not

2. Formerly Tex.Rev.Civ.Stat.Ann. art. 4476–15b, § 1, ch. 306, §§ 1 to 5, 1983 Tex.Gen.Laws 1614, 1614–16, *repealed and recodified by,* ch. 678, §§ 1 and 13(1), 1989 Tex.Gen.Laws 2230, 2952 and 3165.

3. Formerly Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 1.02(5), ch. 388, § 1, 1987, Tex.Gen.Laws 1901, 1901 *repealed and recodified by,* ch. 678, § 1, 1989 Tex.Gen.Laws 2230, 2952 and 3165,

amended by, ch. 1100, § 5.02(b), 1989 Tex.Gen. Laws 4522, 4525.

4. Formerly Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 2.03(d)(17), ch. 227, § 2, 1985 Tex.Gen.Laws 1102, 1109, *repealed and recodified by,* ch. 678, § 1, 1989 Tex.Gen.Laws 2230, 2952 and 3165, *amended by,* ch. 1100, § 5.02(c), 1989 Tex.Gen. Laws 4522, 4525.

required to define or allege them further in the indictment, unless the defendant timely requested such information. *Garcia,* 747 S.W.2d at 380. Here, however, the State chose to go further, specifically alleging the chemical name for the controlled substance that appellant represented he was selling.

■ Unnecessary words or allegations in an indictment may be rejected as surplusage if they are not descriptive of that which is legally essential to the validity of the indictment; however, unnecessary matter in an indictment must be proved as alleged if it is descriptive of an essential element of the crime. *Franklin v. State,* 659 S.W.2d 831, 833 (Tex.Crim.App.1983); *Franklin v. State,* 682 S.W.2d 426, 427 (Tex.App.—Houston [1st Dist] 1984, no pet.). Because the chemical name of the controlled substance is descriptive of that which is legally essential to charge the crime of delivery of a simulated controlled substance, it cannot be rejected as surplusage, and the State must prove the allegation.

■ Claudia Busby, a chemist with the Houston Police Department, testified that the active ingredient in marijuana is tetrahydrocannabinols, and she further testified that the street name for the chemical is "hash" or "hashish." The evidence, therefore, was sufficient to prove that the chemical name for the controlled substance that appellant represented he was selling was tetrahydrocannabinols.

We hold, therefore, that the State proved the two additional terms alleged in the indictment, as required under *Edlund* and *Franklin.*

Reviewing the entire record, we do not find that there was any variance between the allegation and the proof offered. We decline to follow the reasoning used by the court in *Boykin v. State,* 779 S.W.2d 134 (Tex.App.—Houston [14th Dist.] 1989, pet. granted). In *Boykin,* the indictment read "expressly represented the substance to be a controlled substance, namely, cocaine," and the proof offered showed that Boykin told the officer he was selling him "a 20 cent rock." 779 S.W.2d at 136. Though the State's evidence proved that the street term for cocaine was a "rock" and that "20 cents" meant $20 worth of cocaine, the court held that there was a fatal variance between the allegation and the proof, reversed Boykin's conviction, and ordered the trial court to enter a judgment of acquittal. *Id.* We decline to follow *Boykin,* because we do not agree with the court's interpretation of the express representation made by Boykin alleged in the indictment.

■ A variance between the allegations and the proof does not render an indictment fatally defective, but the variance, if fatal, may render the evidence insufficient to sustain a conviction. *Seiffert v. State,* 501 S.W.2d 124, 126 (Tex.Crim.App.1973). For a variance between the indictment and the proof to be fatal, it must affect the substantial rights of the accused either by insufficiently informing him of the charges against him, such that he is taken by surprise and prevented from presenting a proper defense, or by affording him insufficient protection against reprosecution for the same offense. *Short v. State,* 658 S.W.2d 250, 256–57 (Tex.App.—Houston [1st Dist.] 1983), *aff'd,* 671 S.W.2d 888 (Tex.Crim.App.1984); *United States v. Sheikh,* 654 F.2d 1057, 1066 (5th Cir.1981), *cert. denied,* 455 U.S. 991, 102 S.Ct. 1617, 71 L.Ed.2d 852 (1982). Even if we were to find a variance, it is not a fatal variance, because appellant was sufficiently informed of the charge against him, and he will not be subject to double jeopardy for the same offense in this case.

Appellant's points of error are overruled and the judgment is affirmed.

COHEN, J., concurs.

COHEN, Justice, concurring.

I agree with the majority that the evidence is sufficient, there is no fatal variance, and there is no denial of due process here because the State presented evidence from an expert that "hash" or "hashish" is the street name for tetrahydracannabinols. In my opinion, that is all that is needed to affirm this judgment.

**544**

I do not agree that the defendant has misinterpreted the indictment, nor do I agree that the State did not have to allege there was an "express" representation. Clearly, it did have to do so, if it intended to allege an offense under section 482.-002(a)(1). Finally, no case cited by the majority holds that the State did not have to allege the particular controlled substance that appellant claimed he was selling. The majority opinion cites two cases for the proposition that an indictment is sufficient if it tracks the statute, and that terms used in indictments need not be further alleged if defined by statute. *See Garcia v. State*, 747 S.W.2d 379, 380 (Tex. Crim.App.1988); *Moreno v. State*, 721 S.W.2d 295, 300 (Tex.Crim.App.1986). *Moreno* was a capital murder prosecution, and *Garcia* was a drunk driving prosecution. Although both cases stand for the general propositions for which they are cited, neither case construed the statute before us or one similar to it.

In my opinion, it is unnecessary to the decision of this case for us to decide whether an express representation was necessary and whether the indictment had to allege the particular controlled substance that appellant purportedly sold. Because these holdings are unnecessary, and also debatable, I choose to concur in the result.