Carl JENKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–88–058–CR.

Court of Appeals of Texas,
Texarkana.

April 17, 1990.
Rehearing Denied May 16, 1990.

Charles H. Portz, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

GRANT, Justice.

Carl Jenkins appeals from a conviction in a jury trial for the delivery of a simulated controlled substance. Jenkins' punishment was assessed at forty years' confinement in the penitentiary.

Jenkins contends that the evidence is insufficient to show that he ever expressly represented the substance to be cocaine and that the evidence is insufficient because the record fails to show that he knew that the substance being delivered was not a controlled substance.

On May 29, 1988, Officers Steven Howard and Margaret Zoch, along with ten other officers of the Houston Police Department, were assigned to work an undercover operation in the Aces Home area of Houston. At approximately 1:45 p.m., Officer Howard drove into the parking lot of a grocery store that was one of the several locations targeted for police operations. There were several cars and several men in the parking lot. Officer Howard asked one of the men where he could get some rock. He was then directed to a gray Monte Carlo, which was parked in the same lot. He pulled up to the passenger's side of the Monte Carlo and asked Jenkins, who was in the Monte Carlo, if he knew where he could get some rock. Jenkins then asked Howard what he wanted, and Howard replied that he wanted to get a twenty-cent rock.

According to the testimony, a twenty-cent rock is street terminology that means twenty dollars worth of crack cocaine. In response to Howard's request, Jenkins removed a small pillbox from his lap and poured a portion of the contents into his hands. He then handed Howard one of the rocks and accepted twenty dollars from Howard. After the money was exchanged for the rock, Howard asked if this was good rock. Jenkins replied, "Yea man, this is some good rock."

Howard testified that the rock delivered by appellant appeared to be crack cocaine and that the price of the rock corresponded to the price of authentic crack cocaine. A field test was performed on the rock, and it was found not to be cocaine. The State's chemical expert also testified that the rock was not cocaine although its visual appearance was that of rock cocaine. A series of ultraviolet tests indicated that the substance contained procaine or novocaine.

The indictment charged that Jenkins "intentionally and knowingly deliver[ed] by actual transfer to S. HOWARD a simulated controlled substance and the defendant expressly represented the substance to be a controlled substance, namely COCAINE."

Jenkins contends that there is insufficient evidence to support the jury's finding that he expressly represented the substance to be cocaine. Where a defendant challenges the sufficiency of the evidence, the standard of review is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The sufficiency of the evidence to support a conviction must be viewed in light of the charge the jury was given, because a trial court's charge explains to the jury under what circumstances and of what offense it is authorized to convict. *Stephens v. State*, 717 S.W.2d 338 (Tex.Crim.App.1986). In the present case, the jury was charged:

A person commits an offense if he intentionally or knowingly delivers a sim-

ulated controlled substance, and the person *expressly represents* the substance to be a controlled substance.

. . . .

Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 29th day of May, 1988, the defendant, Carl Jenkins did then and there unlawfully, intentionally or knowingly deliver by actual transfer to S. Howard, a simulated controlled substance and that the defendant *expressly represented* the substance to be a controlled substance, namely, cocaine, then you will find the defendant guilty as charged in the indictment.

(Emphasis added).

A defendant commits the offense of delivery of a simulated controlled substance if:

(a) A person commits an offense if the person knowingly or intentionally manufactures with the intent to deliver or delivers a simulated controlled substance and the person:

(1) expressly represents the substance to be a controlled substance;

(2) represents the substance to be a controlled substance in a manner that would lead a reasonable person to believe that the substance is a controlled substance; or

(3) states to the person receiving or intended to receive the simulated controlled substance that the person may successfully represent the substance to be a controlled substance to a third party.

Tex.Health & Safety Code Ann. § 482.002(a) (Vernon 1990), formerly Tex. Rev.Civ.Stat.Ann. art. 4476–15b, § 2(a).

The State chose Subsection (a)(1) of the three alternatives to describe the allegation against Jenkins. Subsection (a)(1) requires an express representation; whereas Subsection (a)(2) would allow an implicit representation, i.e., a representation capable of being understood from something else though unexpressed. For example, if Jenkins had never made any statement at all, but had sold the substance to Howard in response to his request for "twenty-cent rock," then Jenkins could not have been convicted of committing an offense under Subsection (a)(1), but he could have been charged under Subsection (a)(2).

It is undisputed that Jenkins did not use the term *cocaine* during the transaction. Howard used the term *rock* and *twenty-cent rock* in negotiating the purchase, and after the money and substance had changed hands, Howard testified that Jenkins made a reference to the substance as being "some good rock." Although Jenkins' only usage of the term *rock* was after the transaction, which would not be a part of the inducement, the statute does not indicate at what stage of the transaction the representation must be made. The question before this Court, therefore, is whether the use of the term *rock* amounts to an express representation that the substance was cocaine.

The court in *Holliman v. State*, 692 S.W.2d 120 (Tex.App.–Waco 1985, pet. ref'd), held that the term *weed* could lead a reasonable person to believe the substance which was offered was the controlled substance marihuana. However, that case was decided under Article 4476–15b, § 2(a)(2).

In *Boykin v. State*, 779 S.W.2d 134 (Tex. App.–Houston [14th Dist.] 1989, pet. granted), in a factual posture similar to our case, the court held that the use of the term *rock* was insufficient to establish that the appellant in that case expressly represented the substance to be cocaine. More recently, in *Simpson v. State*, 787 S.W.2d 539 (Tex. App.–Houston [1st Dist.] 1990), the *Boykin* decision was criticized and not followed because the court disagreed with *Boykin*'s interpretation of express representation. We agree with the position taken by the court in the *Simpson* court.

The word *expressly* means *explicitly*. Webster's Ninth New Collegiate Dictionary 439 (1985). It requires that a matter be fully stated without vagueness, implications, or ambiguity, leaving no question as to meaning or intent. Thus, the term *expressly* does not require a verbatim use of the words of the statute.

The undisputed testimony showed that the term *rock* is street terminology for cocaine. The courts must realize that those involved in drug transactions do not speak in the precise scientific terminology of the statutes. A word's meaning varies according to the circumstances in which it is used. *Allgood v. Blake*, L.R. 8 Ex. 160, 162 (1873). In the context of the transaction in this case, the term *rock* unambiguously meant cocaine.* Therefore, we find the evidence sufficient to show that Jenkins expressly represented the substance to be cocaine, and we overrule the first point of error.

■ In his second point of error, Jenkins contends that the evidence is insufficient because the record fails to show that he knew that the substance being delivered was not a controlled substance.

Pursuant to Section 482.002(c) of the Texas Health and Safety Code, it is not a defense to prosecution under that section that the person delivering the simulated controlled substance believed the substance to be a controlled substance. Thus, the State did not have the burden of proving that Jenkins knew the substance that was being delivered was not cocaine.

The judgment of the trial court is affirmed.

BLEIL, Justice, concurring.

I agree with the majority opinion. However, because the question of whether there was an express representation in this case is a question about which appellate courts might legitimately differ, I believe further analysis is merited.

As indicated in the majority opinion, the word *expressly* is synonymous with explicitly and means without vagueness or ambiguity. Thus, we must determine whether the term *rock* means cocaine. Used as a noun, the term *rock* has many meanings including mass of stone, a piece of stone, foundation, and candy. Slang usage of the term includes other meanings, such as a piece of money, a dollar bill, a diamond, a gem and crack cocaine. *See* The Random House Dictionary of the English Language 1664 (2d ed. 1987). Jenkins' expression that "this is some good rock" is capable of being understood in two or more senses and thus on its face this expression might be called ambiguous.[1]

In a sense almost any term or statement can be called ambiguous. Therefore the term or statement must be considered in the context in which it was used, together with the purpose for which the words were stated and the person to whom the statement was made.[2] In other words, in determining whether a representation is express we must consider who said what, to whom and why. An in-context, common sense analysis should be used to determine whether a word or statement is ambiguous. Such an analysis here compels a conclusion that Jenkins expressly represented that he was delivering cocaine to the undercover agent.

---

* To hold otherwise in this context would be comparable to holding, for example, that a person could not be convicted of robbing the bank if he entered the bank holding a gun in a threatening manner and said, "This is a holdup." This evidence would not show criminal intent because in addition to referring to a robbery carried out at gunpoint, the man might have intended one of the other possible meanings of that term, such as, "This is a delay," "This is a putoff until a later time," "This (gun) will prove valid under scrutiny," "This (gun) will withstand stress or difficulty," and a number of other meanings. *See* Roget's II: The New Thesaurus 467 (1980) or any standard dictionary.

1. Out of context, the term *rock* has several meanings; in the present context it has but one. Whether we consider the term in or out of its context, then, is the inquiry that determines the answer to the question whether an express representation was made.

2. *See*, e.g., Chapter I, W. Empson, *Seven Types of Ambiguity* (3rd ed. 1953); *see also* C. Ogden & I. Richards, *The Meaning of Meaning* (8th ed. 1946). Ogden and Richards note that whenever a term is taken out of context it becomes a metaphor and may be in need of fresh definition. *Id.*, at 111.