**John Lorenzo GRANT, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–90–023–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 23, 1991.

Bill Loveless, Denton, for appellant.

Jerry Cobb, Crim. Dist. Atty., Gwinda Burns, Asst., Denton, for appellee.

Before WEAVER, C.J., and HILL and MEYERS, JJ.

## OPINION

HILL, Justice.

John Lorenzo Grant, after entering a plea of not guilty, was convicted by a jury of the offense of delivery of a simulated controlled substance, cocaine. After finding enhancement allegations to be true, the jury sentenced Grant to fifty years confinement in the Texas Department of Corrections, now the Texas Department of Criminal Justice, Institutional Division. The indictment alleged that the offense was committed on August 16, 1989. Thus, Grant was indicted and tried under TEX.REV. CIV.STAT.ANN. art. 4476–15b, sec. 2(a)(1) (Vernon Pamph.1989), currently codified without change as TEX.HEALTH & SAFETY CODE ANN. sec. 482.002(a)(1) (Vernon Pamph.1990). In a single point of error, Grant claims that the trial court erred in overruling his motion for a directed verdict because the evidence was insufficient to show that he expressly represented the simulated controlled substance he sold to an undercover officer to be cocaine.

We affirm because we find that under the facts of this case a rational trier of fact could have found beyond a reasonable doubt that Grant expressly represented to sell cocaine.

In his point of error, Grant argues that he never expressly represented the simulated substance he sold to an undercover officer to be cocaine, and because the indictment alleged and the jury charge required a finding of an express representation, his conviction requires reversal.

We agree that the indictment and jury charge required a finding that Grant expressly represented the simulated controlled substance to be cocaine. Both the indictment and the jury charge tracked the language of TEX.HEALTH & SAFETY CODE sec. 482.002(a)(1) which provides that a person commits an offense if he knowingly or intentionally delivers a simulated controlled substance and he "expressly represents the substance to be a controlled substance."

We hold, however, that the evidence, when viewed in a light most favorable to

the verdict, was sufficient to support a finding of an express representation. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). Although the substance that Grant sold to Officer Bishop turned out to be soap, Officer Bishop testified that Grant offered to sell him four "rocks" at thirty dollars each. Officer Bishop further testified that "rock" was the street name for cocaine; that in the drug culture "rock" was used only to refer to cocaine; that the substance sold by Grant was wrapped in individual plastic bags as is common for rock cocaine; that thirty dollars was the customary price for the size of the "rocks" sold by Grant; that the substance sold by Grant appeared to have the same color and texture as rock cocaine; and that the purchase was made at 10:45 p.m. on August 16, 1989, in the parking lot of a closed K–Mart store pursuant to a drug buy which had been prearranged by a police informer. In addition to Officer Bishop's testimony, Kenneth Evans, a chemist with the Department of Public Safety, testified on cross and redirect that he used the term "rock-like" in his description of the substance purchased by Officer Bishop to refer to cocaine, and that "rock" is a term used in the drug community to refer to cocaine.

The evidence in this case shows that Grant's use of the term "rocks" was not intended to refer to anything other than cocaine. We hold that Grant's representation was no less express or explicit simply because he phrased his offer in the vernacular. We decline to follow the reasoning in *Boykin v. State*, 779 S.W.2d 134 (Tex.App. —Houston [14th Dist.] 1989, pet. granted) where the majority held that an undercover policeman's offer to buy a ten cent rock and the defendant's counter offer to sell a twenty cent rock was not an express representation to sell cocaine, despite testimony that such offers were vernacular speech referring to ten and twenty dollar amounts of rock cocaine. We agree with the dissent in *Boykin* in which Justice Robertson noted that the " 'street talk' " as to ten and twenty cent rocks was sufficient to constitute an express representation. We find that we are also in accord with *Simpson v. State*, 787 S.W.2d 539 (Tex.App.—Houston [1st Dist.] 1990, pet. granted) in which the court held that the defendant's offer to sell hash was an express representation to sell tetrahydrocannabinol as charged in the indictment. We overrule Grant's point of error.

The judgment is affirmed.