Milton Develle CLEVELAND, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–0725–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 3, 1991.

Judy Guyon, Houston, for appellant.

Carmen Falls Hunter, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Milton Develle Cleveland, appeals his judgment of conviction for the offense of delivery of a simulated controlled substance, namely cocaine. TEX. HEALTH AND SAFETY CODE ANN. § 482.002 (Vernon Pamph 1991). The jury rejected appellant's not guilty plea and, after finding the two enhancement paragraphs of the indictment to be true, assessed punishment at twenty-five years in the Institutional Division of the Texas Department of Justice. We affirm.

Appellant assigns two points of error on appeal. In his first point of error, he submits that the record contains insufficient evidence to show that he was the same person who was convicted in the offense offered for proof of enhancement paragraph number one. In his second point of error, appellant submits the trial court erred in overruling his Motion for Instructed Verdict in that the State offered insufficient evidence to prove express representation of the simulated controlled substance delivered to be cocaine as charged in the indictment.

In the first point of error, appellant complains that the best evidence rule requires that his current fingerprints be admitted into evidence and, without the fingerprints, the evidence is insufficient to show he committed the crimes alleged in the enhancement paragraphs. In the first instance, it is noted that appellant has failed to preserve this point of error for review. To preserve error, an objection must identify what is objected to and the specific grounds for the objection. *Cisneros v. State*, 692 S.W.2d 78, 83 (Tex.Crim. App.1985). An objection must be made as soon as the ground of objection becomes

apparent, and the objection on appeal must comport with the objection at trial or nothing is presented for review. *Barnett v. State*, 733 S.W.2d 342, 346–47 (Tex.App.— Houston [14th Dist.] 1987, pet ref'd).

It is further noted that, while appellant has couched his objection in terms of a sufficiency question, he is actually objecting to the submission of the enhancement paragraphs to the jury. For, if the evidence was insufficient to connect appellant with the pen packets, the packets should not have been in evidence, and the jury should not have been able to consider the enhancement paragraphs in assessing punishment.

The record reveals that the pen packets for both of the enhancement offenses were introduced into evidence and, although appellant's counsel did lodge an objection, it was on grounds totally different from those now presented for review. If appellant believed the State had failed to link the pen packets to appellant, he should have objected on this basis when the State offered the packets into evidence. Appellant's counsel also objected to the submission of the enhancement in cause no 511–118 but, again, on grounds different from those asserted on appeal. An objection on appeal must comport with the objection at trial or nothing is presented for review. *Barnett v. State*, 733 S.W.2d at 346. Thus, appellant has failed to present anything for review under this point of error and this Court need not consider the merits thereof.

■ Even if this court were to consider appellant's first point of error, a correct interpretation of case law shows that the State proved its case. Furthermore, the best evidence rule does not apply to appellant's case, and case law shows that the admission of the pen packets combined with the officer's testimony was sufficient to connect appellant with the crimes alleged in the enhancement paragraphs.

A prior conviction alleged for enhancement may be established by certified copies of a judgment and a sentence and authenticated copies of the Texas Department of Corrections records including fingerprints, but this evidence must be supported by expert testimony identifying the fingerprints as identical with known prints of the defendant. *Beck v. State*, 719 S.W.2d 205, 209 (Tex.Crim.App.1986). The State may use an expert to identify known prints of the defendant with the fingerprints contained in the pen packet. *Id.* at 210. This is the exact procedure the State followed in appellant's case.

The State put the pen packets for both the enhancement paragraphs into evidence as State's exhibits numbers six and seven. Both of the pen packets contained the judgment and sentence from his earlier convictions, and both of the packets contained full sets of fingerprints. After establishing Deputy Gary Overstreet as an expert witness, the State asked Overstreet whether he had taken appellant's fingerprints. He testified that he had taken the fingerprints earlier that day. Overstreet then compared the fingerprints he had taken earlier that day with the fingerprints contained in the pen packets. From this comparison, Overstreet testified that the fingerprints contained in the pen packets were made by the same person from whom he had earlier taken fingerprints, that is, appellant. The admission of the pen packets and the fingerprints contained therein, supported by Overstreet's testimony, provided the evidence required by law to show that appellant was the same person who committed the crimes alleged in the enhancement paragraphs. Appellant's first point of error is overruled.

■ In the second point of error, appellant states that the court erred in overruling his motion for an instructed verdict because the State offered insufficient evidence to prove that appellant "expressly represented" that he delivered cocaine. In the indictment, appellant was charged with delivery of a simulated controlled substance. The language in the indictment specifically charged appellant with having "expressly represented the substance to be a controlled substance, namely, cocaine." Appellant argues that this language requires him to have said the word "cocaine" when making the deal with the undercover officer. We disagree.

In reviewing the sufficiency of the evidence, this court must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989).

It is noted that appellant relies upon *Boykin v. State*, 779 S.W.2d 134 (Tex. App.—Houston [14th Dist.], 1989 pet. granted), to support his position. In *Boykin*, the undercover officer asked the appellant for a "ten cent rock." *Id.* at 135. The appellant told the officer he only had "twenty cent rocks." *Id.* The officer agreed to buy one, having understood "rock" to mean cocaine. *Id.* The jury charge required the jury to find that appellant "expressly represented the substance to be a controlled substance, namely, cocaine." *Id.* Though the officer testified that "rock" is a street name for cocaine, the court stated, "we do not find the use of this term to constitute an express representation of the substance as cocaine." *Id.* at 136.

Appellant's case differs markedly from the facts of *Boykin*. In the case before us, Officer Charles Green testified that he was working undercover in the third ward when appellant flagged him down alongside the street. Green testified that he got out of his car and approached appellant. He then asked appellant for a "dime rock of cocaine." This is where appellant's case differs from *Boykin*. Whereas in *Boykin*, the word "cocaine" was never mentioned between the officer and the seller. Here, the officer specifically asked for a "dime rock of cocaine."

Green explained to the jury that a dime rock of cocaine is street jargon for asking for ten dollars worth of crack cocaine. Green also testified that it is very important to use the code language, i.e., street jargon, to keep drug dealers from guessing he was "the law." Green testified that after he told appellant what he wanted, appellant asked his friend, "Where was the rocks, Man?" His friend told him, and appellant proceeded to pull a brown paper bag out of a drain pipe. Green gave appellant a ten dollar bill, and in exchange, appellant gave Green what appeared to be a rock of crack cocaine. Green specifically asked appellant for a dime of rock cocaine. Though appellant did not say to appellant, "here's your cocaine," he did give him a rock of what appeared to be cocaine. By giving Green the rock in response to his request for a dime of rock cocaine, appellant expressly represented that he was selling cocaine.

Apart from the differences between appellant's case and *Boykin*, there are other valid reasons for upholding appellant's conviction. Officer Green testified that asking for a dime of rock cocaine is the same as asking for ten dollars worth of crack cocaine. With this testimony, the State eliminated any variance between the charge and the evidence presented. Recent cases have held that once testimony is presented that the street jargon used describes the controlled substance alleged in the indictment, the evidence is sufficient to support the charge. *See Grant v. State*, 802 S.W.2d 428 (Tex.App.—Ft. Worth 1991); *Simpson v. State*, 787 S.W.2d 539 (Tex.App.—Houston [1st Dist.] 1990, pet. granted); and, *Jenkins v. State*, 788 S.W.2d 677 (Tex. App.—Texarkana 1990, pet. granted). We find that the Court did not err in overruling appellant's motion for an instructed verdict. Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.