**Carl JENKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 598–90.**

Court of Criminal Appeals of Texas,
En Banc.

Dec. 18, 1991.

Charles H. Portz, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Lester Blizzard, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant was convicted by a jury of delivery of a simulated controlled substance and sentenced to forty years confinement in the Texas Department of Criminal Justice, Institutional Division. His conviction was affirmed on appeal. *Jenkins v. State,* 788 S.W.2d 677 (Tex.App.—Texarkana 1990). Appellant brought a petition for discretionary review to this Court. We granted appellant's petition to determine whether the evidence was sufficient to show that he expressly represented the substance which he delivered to an undercover police officer to be cocaine.

The following facts are taken from the Court of Appeals' opinion:

On May 29, 1988, Officer[ ] Steven Howard ... of the Houston Police Department, were assigned to work an undercover operation in the Aces Home area of Houston. At approximately 1:45 p.m., Officer Howard drove into the parking lot of a grocery store that was one of the several locations targeted ... There were several cars and several men in the parking lot. Officer Howard asked one of the men where he could get some rock. He was then directed to a gray Monte Carlo, which was parked in the same lot. He pulled up to the passenger's side of the Monte Carlo and asked [appellant], who was in the Monte Carlo, if he knew where he could get some rock. [Appellant] then asked Howard what he wanted, and Howard replied that he wanted to get a twenty-cent rock. According to the testimony[,] ["]twenty-cent rock["] is street terminology that means twenty dollars worth of crack cocaine. In response to Howard's request, [appellant] removed a small pillbox from his lap and poured a portion of the contents into his hands. He then handed Howard one of the rocks and accepted twenty dollars from Howard. After the money was exchanged for the rock, Howard asked if this was good rock. [Appellant] replied, "Yea man, this is some good rock."

Howard testified that the rock delivered by appellant appeared to be crack cocaine and that the price of the rock corresponded to the price of authentic crack cocaine. A field test was performed on the rock, and it was found not to be cocaine. The State's chemical expert also testified that the rock was not cocaine although its visual appearance was that of rock cocaine. A series of

ultraviolet tests indicated that the substance contained procaine or novocaine. *Jenkins,* supra, at 678.

Appellant was charged with intentionally or knowingly delivering a simulated controlled substance which he expressly represented to be a controlled substance, to wit: Cocaine. V.T.C.A. Health and Safety Code, § 482.002(a)(1), formerly V.A.C.S., Article 4476–15b, § 2(a)(1). On appeal, as in his petition, appellant contends that the evidence is insufficient to support his conviction because he never expressly represented to Officer Howard that the substance was cocaine. The Court of Appeals, rejecting the reasoning of *Boykin v. State,* 779 S.W.2d 134 (Tex.App.—Houston [14th] 1989), held that because the undisputed testimony showed that "rock" was street terminology for cocaine, the evidence was sufficient to show that appellant expressly represented the substance to be cocaine.

After the Court of Appeals delivered its opinion, this Court affirmed the lower court's decision in *Boykin. Boykin v. State,* 818 S.W.2d 782 (Tex.Cr.App.1991). We held that an express representation under Sec. 482.002(a)(1) requires the use of the name of the controlled substance as defined in the Controlled Substances Act.

Therefore, the slang terminology "rock" is insufficient to constitute an express representation of a controlled substance under § 482.002(a)(1). If this were not so, § 482.-002(a)(2), which requires only an implicit representation, would be superfluous. *Id.,* at 786. Like the defendant in *Boykin,* appellant was prosecuted under the wrong section of the statute.

The judgment of the Court of Appeals is reversed and the case is remanded to the trial court for entry of an acquittal.

McCORMICK, P.J., dissents for the reasons set forth in his dissenting opinion in *Boykin v. State,* 818 S.W.2d 782.

MILLER and WHITE, JJ., dissent.