Charlie SIMPSON, Appellant,

.v.

The STATE of Texas, Appellee.

No. 458–90.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 15, 1992.

Thomas D. White, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft and Margaret Stewart, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of the offense of delivery of a simulated controlled substance. V.A.C.S. 4476–15b, § 2(a)(1). After finding "true" the two enhancement paragraphs, the trial judge sentenced appellant to 30 years confinement in the Texas Department of Corrections.[1] The court of appeals affirmed appellant's conviction.[2] *Simpson v. State*, 787 S.W.2d 539 (Tex.App.—Houston [1st Dist.] 1990). We granted appellant's petition for discretionary review because the appellate court's decision conflicts with the Fourteenth Court of Appeals' decision in *Boykin v. State*, 779 S.W.2d 134 (Tex.App.—Houston [14th Dist.] 1989, pet. granted). Tex.R.App.Proc. 200(c)(1).

---

1. Now called the Texas Department of Criminal Justice—Institutional Division.

2. The court of appeals addressed appellant's points of error under § 482.002 of the Health & Safety Code, although appellant was prosecuted pursuant to Art. 4476–15b. The court of appeals correctly notes that Art. 4476–15b was repealed and recodified with the adoption of the Health & Safety Code. See Acts 1989, 71st Leg., ch. 678, §§ 1 and 13(1), eff. Sept. 1, 1989. However, the indictment in this cause alleges appellant committed this offense "on or about February 10, 1989" and, therefore, Art. 4476–15b, which was in effect at the time, is applicable.

Appellant was convicted of delivery of a simulated controlled substance and expressly representing the substance to be a controlled substance, namely tetrahydrocannabinol. The evidence at trial reflected that appellant offered to sell the undercover officer "hash" or "hashish" and that the substance was not "hash" but rather a simulated substance. See generally, *Few v. State*, 588 S.W.2d 578 (Tex.Cr.App.1979). Appellant raised three interrelated points of error in the court of appeals, to-wit: (1) the evidence is insufficient to support the jury verdict; (2) there is a fatal variance between the proof offered and the allegations in the indictment; and (3) if the conviction is affirmed, he will be denied due process because the allegations in the indictment did not provide proper notice of the accusation against him. *Simpson*, 787 S.W.2d at 541. The court of appeals overruled appellant's three contentions and declined to follow the reasoning used by the court in *Boykin*, 779 S.W.2d 134.

This Court recently affirmed the court of appeals' judgment in *Boykin*. See *Boykin v. State*, 818 S.W.2d 782 (Tex.Crim.App. 1991). In *Boykin*, the defendant was charged with delivery of a simulated controlled substance and expressly representing that substance to be cocaine. V.A.C.S. Art. 4476–15b, § 2(a)(1). The evidence reflected the defendant sold an undercover police officer a "twenty-cent rock" which, upon chemical analysis, was determined to be only soap. In holding the evidence was insufficient to support the conviction, we determined that "for purposes of Article 4476–15b, § 2(a)(1), an express representation is one using the terms listed in the Controlled Substances Act" and that § 2(a)(1) did not criminalize representations using only slang names. *Boykin*, 818 S.W.2d at 786.

At the time the court of appeals rendered its decision in this cause, it did not have the benefit of our decision in *Boykin*. Therefore, we sustain appellant's ground for review, reverse the judgment of the court of appeals, and remand this cause to that court for reconsideration of appellant's points of error in light of *Boykin*.

McCORMICK, P.J., dissents for the reasons set forth in his dissenting opinion in *Boykin v. State*, 818 S.W.2d 782 (Tex.Crim. App.1991).

MILLER, J., dissents for the reasons set forth in his dissenting opinion in *Boykin v. State*, 818 S.W.2d 782 (Tex.Crim.App.1991).

WHITE, J., dissents.