**John Lorenzo GRANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 251–91.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 29, 1992.

Bill Loveless, Denton, for appellant.

Bruce Isaacks, Dist. Atty. and Kathleen A. Walsh and Nancy Jessee, Asst. Dist. Attys., Denton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of delivery of a simulated controlled substance. After finding the enhancement allegations true, the jury sentenced appellant to fifty (50) years confinement in the Texas Department of Criminal Justice, Institutional Division. His conviction was affirmed on appeal. *Grant v. State*, 802 S.W.2d 428 (Tex.App.—Ft. Worth 1991).

We granted appellant's petition to determine whether the evidence was sufficient to show that he expressly represented the substance which he delivered to an undercover police officer to be cocaine. The following facts are taken from the Court of Appeals' opinion:

" ... Although the substance that Grant sold to Officer Bishop turned out to be soap, Officer Bishop testified that Grant offered to sell him four 'rocks' at thirty dollars each. Officer Bishop further testified that 'rock' was the street name for cocaine; that in the drug culture 'rock' was used only to refer to cocaine; that the substance sold by Grant was wrapped in individual plastic bags as is common for rock cocaine; that thirty dollars was the customary price for the size of the 'rocks' sold by Grant; that the substance sold by Grant appeared to have the same color and texture as rock

**640**

cocaine; and that the purchase was made at 10:45 p.m. on August 16, 1989, in the parking lot of a closed K–Mart store pursuant to a drug buy which had been prearranged by a police informer. In addition to Officer Bishop's testimony, Kenneth Evans, a chemist with the Department of Public Safety, testified on cross and redirect that he used the term 'rock-like' in his description of the substance purchased by Officer Bishop to refer to cocaine, and that 'rock' is a term used in the drug community to refer to cocaine."

*Id.* at 429.

Appellant was charged with intentionally or knowingly delivering a simulated controlled substance which he expressly represented to be a controlled substance, to-wit: cocaine. V.T.C.A., Health and Safety Code, Sec. 482.002(a)(1), formerly V.A.C.S., Article 4476–15(b), Sec. 2(a)(1). On appeal, as in his petition, appellant contends the evidence is insufficient to support his conviction because he never expressly represented to Officer Bishop that the substance was cocaine. The Court of Appeals, rejecting the reasoning of *Boykin v. State,* 779 S.W.2d 134 (Tex.App.–Houston [14th] 1989), held the evidence sufficient to show appellant expressly represented the substance to be cocaine because the evidence demonstrated the term "rock" is "street talk" for the substance cocaine.

After the Court of Appeals delivered its opinion, this Court affirmed the lower court's decision in *Boykin. Boykin v. State,* 818 S.W.2d 782 (Tex.Cr.App.1991). There, we held that an express representation under Article 4476–15(b), Sec. 2(a)(1) requires the use of the name of the controlled substance as defined in the Controlled Substances Act.

Therefore, the slang term "rock" is insufficient to constitute an express representation of a controlled substance. If this were not so, the statute under which appellant was prosecuted would be superfluous. *Id.,* at 786. Like the defendant in *Boykin,* appellant was prosecuted under the wrong section of the statute. See also *Jenkins v. State,* 820 S.W.2d 178 (Tex.Cr.App.1991).

The judgment of the Court of Appeals is reversed and the cause remanded to the trial court for entry of an acquittal.

McCORMICK, P.J. dissents for the reasons set forth in his dissenting opinion in *Boykin v. State,* 818 S.W.2d 782 (Tex.Cr. App.1991).

MILLER and WHITE, JJ., dissent.