Tommy Lee GEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–81–049–CR.

Court of Appeals of Texas,
Texarkana.

Dec. 15, 1981.
Discretionary Review Refused
March 31, 1982.

Buddy M. Dicken, Sherman, for appellant.

**604**

Richard Dan Meehan, Dist. and County Atty., Bonham, for appellee.

CORNELIUS, Chief Justice.

Tommy Lee Gee appeals from a jury conviction for the misdemeanor offense of operating a motor vehicle while his operator's license was suspended.

■ The appeal presents three grounds of error. The first contends that reversible error was committed when the trial judge denied appellant's motion to quash the information. The information charged the offense as follows:

". . . that heretofore, on the 21st day of September, 1980 and before the making and filing of this information, in the County of Fannin and State of Texas, after TOMMY LEE GEE Defendant, had been issued an operator's license to drive a motor vehicle upon a public highway in the State of Texas, and while said operator's license was valid, said operator's license was duly and legally suspended pursuant to Section 22 of Article 6687b, Vernon's Annotated Civil Statutes; and while said operator's license was suspended, the said defendant on the date aforesaid did then and there unlawfully drive and operate a motor vehicle upon a public road in said County and State."

The motion to quash asserted that the information was defective because it failed to allege the grounds on which appellant's operator's license had been suspended. It relied on *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr.App.1977), which held that, when the charge is driving while one's operator's license was suspended by virtue of the automatic suspensions provisions of § 24 of Article 6687b, Tex.Rev.Civ.Stat.Ann. (Vernon 1977), the defendant, on motion to quash, is entitled to notice of the ground relied upon by the State to show the automatic suspension. We find no reversible error in that regard in this case. The suspension involved here was not automatic but was ordered after notice and hearing in an administrative proceeding pursuant to § 22 of Article 6687b. In cases involving automatic suspension under § 24, the ground for sus-

pension of the license is properly a part of the State's proof which, on proper motion to quash, the defendant is entitled to have notice of so he can defend against it. In a § 22 case, however, the defendant has already had notice of the ground and has been offered an opportunity to defend against it in an administrative proceeding with right of appeal, and the ground on which the administrative suspension was based is not a part of the State's proof in the subsequent criminal charge, and consequently the information need not allege it. It is sufficient in such a case if the information alleges and the State proves (1) that the defendant was issued a license, (2) the license was suspended pursuant to § 22, and (3) the defendant operated a motor vehicle on a public road in this State while said license was suspended.

■ The second ground of error urges that there was a fatal variance between the information and the proof because the State's evidence showed appellant to have had his "driver's license" suspended, whereas the information referred to an "operator's license." The case of *Campbell v. State*, 160 Tex.Cr.R. 627, 274 S.W.2d 401 (1955), is relied upon for the proposition that there is no such license in Texas as a driver's license. The ground of error will be overruled. Part of the State's proof in this case was an affidavit of the custodian of the records of the driver and vehicle records division of the Department of Public Safety which stated that appellant was issued a Texas Driver's license *which was issued as a Texas Operator's license* No. 01205146 and that such driver's license was suspended on July 22, 1980, pursuant to an affirmative finding of the municipal court of Bonham, Fannin County, Texas, under the provisions of § 22 of Article 6687b. That evidence is sufficient to show that appellant's operator's license was suspended. The fact that the Department of Public Safety used both terms in referring to the license does not create a fatal variance between the pleading and the proof.

■ The third ground of error argues that the State failed to prove that appellant

was the same person referred to in the affidavit of the Department of Public Safety as the Tommy Lee Gee who had his license suspended. We disagree. The affidavit described Tommy Lee Gee as a "... white male, brown eyes, born on September 21, 1948, and whose address is listed as Route 1, Telephone, Texas...." In addition, the arresting officer identified appellant as Tommy Lee Gee. There was sufficient proof of identity. *Goolsby v. State*, 166 Tex.Cr.R. 180, 312 S.W.2d 654 (1958).

The judgment of the trial court is affirmed.