**Bruce Wayne CLAYTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–82–0207–CR.**

Court of Appeals of Texas, Amarillo.

April 21, 1983.

Green & Habern, Carol Habern, Amarillo, for appellant.

John Tull, Jr., County Atty., Donna Cates Clayton, Asst. County Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Bruce Wayne Clayton brings this appeal from his conviction of driving

with a suspended license. His punishment was assessed by the jury at six months confinement in the Potter County jail and a $100.00 fine.

Appellant asserts, in one ground of error, that the conviction is void because "the complaint and information upon which the conviction is founded fail to allege a culpable mental state." We disagree and affirm the judgment of conviction.

The information in question alleges, in pertinent part, that appellant did:

"unlawfully drive and operate a motor vehicle in and upon a public road and highway in Potter County, Texas, after the operator's license of the said Defendant had heretofore, on the 24th day of February, been suspended under the provisions of Vernon's Annotated Texas Statutes Article 6687(b), Section 24(a)(2), in Cause No. 34,229 . . . ."

■ If the definition of an offense does not prescribe a culpable mental state, Tex.Penal Code Ann. §§ 6.02 and 6.03 * require that a culpable mental state be alleged unless the definition of the offense plainly dispenses with any mental element. Section 1.03(b) makes it clear that Sections 6.02 and 6.03, as well as the other provisions of Titles 1, 2, and 3, of the Code apply to offenses defined by the civil statutes "unless the statute defining the offense provides otherwise." *American Plant Food Corp. v. State,* 587 S.W.2d 679, 684 (Tex.Cr. App.1979); *Bocanegra v. State,* 552 S.W.2d 130, 131–132 (Tex.Cr.App.1977). If the statute expressly dispenses with a culpable mental state, the offense is said to be a strict liability offense. *American Plant Food Corp. v. State, supra* at 685. However, if a culpable mental state is required under section 6.02 and the indictment or information fails to allege such a state the charging instrument is fundamentally defective. *Tew v. State,* 551 S.W.2d 375, 376 (Tex.Cr.App.1977).

* All references hereinafter made to section numbers are to the appropriate section of the Texas Penal Code Annotated.

■ The question presented for our resolution in this case is whether the Legislature, through enactment of Sections 6.02 and 1.03(b) intended to require proof of a culpable mental state for the offense of driving while license suspended. We think it did not.

The controlling statute for driving with a suspended license is Vernon's Ann.Civ.Stat. art. 6687b, § 34, which states:

"Any person whose operator's, commercial operator's, or chauffeur's license or driving privilege as a nonresident has been cancelled, suspended, or revoked as provided in this Act, and who drives any motor vehicle upon the highways of this State while such is guilty of a misdemeanor and upon conviction shall be punished by fine of not less than Twenty-five Dollars ($25) nor more than Five Hundred Dollars ($500), and, in addition, there shall be imposed a sentence of imprisonment of not less than seventy-two (72) hours nor more than six (6) months." Tex.Rev.Civ.Stat.Ann. art. 6687b, § 34 (Vernon 1977).

■ Appellant's license was suspended as a result of his conviction for the offense of driving while intoxicated, an offense which does dispense with the requirement of a culpable mental state. *Ex parte Ross,* 522 S.W.2d 214, 218–219 (Tex.Cr.App.1975) cert. denied, 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975); Tex.Rev.Civ.Stat.Ann. art. 6687b, Section 24(a)(2) (Vernon 1977). In *Ross,* the Court held that a culpable mental state was not required to support either a conviction for driving while intoxicated or for involuntary manslaughter because both may be committed without any sort of mens rea. In *Neill v. State,* 225 S.W.2d 829 (Tex.Cr.App.1949) the Court held that allegations as to a culpable mental state were not necessary in a prosecution for the sale of adulterated meat and, in *Goodwin v. State,* 63 Tex.Cr.R. 140, 138 S.W. 399 (Tex.Cr.App.1911) and *Zulauf v. State,* 591 S.W.2d 869 (Tex.Cr.App.1979), it

held such allegations unnecessary in a charge of exceeding the speed limit.

■ Examination of the statute in question reveals these required elements:

(1) A person

(2) whose license or driving privilege has been cancelled, suspended or revoked

(3) drives any motor vehicle upon the highways of this State while such license or driving privilege is cancelled, suspended or revoked.

We think it clear that this offense also may be committed without any sort of mens rea, and are compelled to the conclusion that this offense is one of those where the Legislature intended to and has dispensed with a culpable mental state as an element of the offense.

Our conclusion is reinforced by the fact that, on numerous occasions, the court has approved as sufficient to charge the instant offense, allegations similar to those in question here. While it is true that the specific contention made herein, as far as we can determine, had not previously been raised, we do find those previous holdings of the court highly persuasive. See *Rushing v. State,* 161 Tex.Cr.R. 334, 277 S.W.2d 104 (Tex.Cr.App.1955); *Gregg v. State,* 170 Tex. Cr.R. 202, 339 S.W.2d 539 (Tex.Cr.App. 1960); *Gee v. State,* 626 S.W.2d 603 (Tex. App.—Texarkana 1981, pet. disc'y review ref.).

We find no reversible error, therefore, appellant's ground of error is overruled and the judgment of conviction affirmed.