Garland E. POLLARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–01161–CR.

Court of Appeals of Texas,
Dallas.

Jan. 2, 1985.

Rehearing Denied March 13, 1985.

Robert Lemmons, Melvin C. Bruder, Dallas, for appellant.

Michael A. Klein, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, SHUMPERT and KEITH [1], JJ.

KEITH, Justice (Retired).

On appeal to the county court, appellant was convicted by the jury in a trial de novo on his plea of guilty to a charge of sleeping and dozing in a public place in violation of DALLAS, TEX., REV.CODE OF CIV. AND CRIM. ORDINANCES § 31–13 (1960). Punishment was assessed by the court at a fine of $101.00. In two grounds

---

1. The Honorable Quentin Keith, Justice, Ninth Supreme Judicial District, retired, sitting by assignment.

**374**

of error, appellant contends that the complaint should have been quashed for failure to allege a culpable mental state, and that such defect renders the complaint fundamentally defective. Because we agree that the complaint is invalid, we reverse appellant's conviction and dismiss the complaint.

Although no statement of facts was provided to this court, the only facts relevant to this appeal can be gleaned from the complaint. Appellant was found asleep in a public area of the restaurant located at 4400 North Central Expressway, Dallas, Texas.

 Appellant urges that the complaint is fundamentally defective due to its failure to allege a culpable mental state. We agree. TEX. CONST. art. XI, § 5 requires that "no [city] charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of this State, or of the general laws enacted by the Legislature of this State." The ordinance provides, in relevant part, that "[a] person commits an offense if he ... sleeps or dozes in a street, alley, park, or other public place." There is no mention of any required mental state. TEX.PENAL CODE ANN. § 6.02(a) and (b) (Vernon 1974) read as follows:

(a) Except as provided in Subsection (b) of this section, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

Therefore, if enforced without the requirement of a culpable mental state, the ordinance would be inconsistent with section 6.02(a) and as a result, unconstitutional. However, section 6.02(b) supplies the required mental state by providing that unless the definition of the offense plainly dispenses with any mental element, a culpable mental state is required. The definition of sleeping in public does not plainly dispense with any culpable mental state because it fails to mention mental state at all. Consequently, section 6.02(b) applies and adds the requirement of a culpable mental state to the definition of the offense. Since, as a result, a culpable mental state was an element of the offense of sleeping in public, the failure to allege that element renders the complaint fundamentally defective. *Honeycutt v. State*, 627 S.W.2d 417, 421 (Tex.Crim.App.1981).

The State has asserted that DALLAS, TEX.REV.CODE OF CIV. AND CRIM. ORDINANCES § 1–5.1 (1960) serves to plainly dispense with a culpable mental state by providing that "[a] culpable mental state is not required for the commission of an offense under this Code unless the provision defining the conduct expressly requires a culpable mental state." However, we are unable to consider whether Section 1–5.1 accomplishes that result, since a copy of that ordinance is not properly in the record before us. Where a city ordinance is relied on, proof of the ordinance is essential since we cannot take judicial notice of the existence or terms of a city ordinance. *Green v. State*, 594 S.W.2d 72, 74 (Tex.Crim.App.1980).

Accordingly, since we have held the complaint is void, the judgment is reversed and the complaint is ordered dismissed.