Teresa D. AGUIRRE, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–97–00408–CR.

Court of Appeals of Texas, El Paso.

Jan. 29, 1998.

Enrique Medrano, El Paso, for Appellant.

Herb Fleming, City Pros., El Paso, for Appellee/State.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

### *OPINION*

PER CURIAM.

Teresa D. Aguirre appeals from a decision of the Municipal Court of Appeals of the City of El Paso affirming her conviction for violating a municipal ordinance by conducting business in a nude live entertainment club located within 1,000 feet of a school.[1] EL PASO CITY CODE § 20.08.080. We reverse the conviction and dismiss the complaint.

---

1. Violation of Section 20.08.080 is a misdemeanor offense punishable by a fine not to exceed two thousand dollars. EL PASO CITY CODE § 20.68.010.

2. By written order of the Municipal Court of Appeals, the appeal was stayed for nearly five years while a suit challenging the constitutionali-

## FACTUAL AND PROCEDURAL SUMMARY

The complaint alleged that on August 25, 1988, Appellant provided entertainment at Aldo's, a nude live entertainment club, by exposing a "specified anatomical area" as that phrase is defined by Section 20.02.764 of the El Paso City Code. Appellant filed a motion to quash challenging the constitutionality of the municipal ordinance on several grounds. The record before us does not contain a reporter's record of the March 30, 1989 non-jury trial conducted in the municipal court, but the parties stipulated that the trial court heard evidence which established the following facts: (1) on August 25, 1988, two city inspectors entered Aldo's Lounge, a nude live entertainment club that is located within 1,000 feet of a school, and found that several female employees were exposing their breasts and buttocks; consequently, they issued citations to all employees and managerial staff; and (2) on October 6, 1988, two city inspectors entered Aldo's Lounge and found that several female employees were exposing their buttocks; consequently, they issued citations for violation of the municipal ordinance. The municipal court found Appellant guilty and assessed a fine of $500. She appealed her conviction to the El Paso Municipal Court of Appeals, raising four points of error. The Municipal Court of Appeals affirmed the conviction in a written opinion issued on December 14, 1995.[2] Even though Appellant filed a notice of appeal, the record was not transmitted to this Court and the Municipal Court of Appeals later issued its mandate. The appellate court withdrew its mandate on September 26, 1997 and this appeal ensued.

## FAILURE TO ALLEGE A CULPABLE MENTAL STATE

In Point of Error One, Appellant contends that the complaint, which alleged that Appellant "did then and there unlawfully

---

ty of the same municipal ordinance was litigated in the United States District Court for the Western District of Texas and the Fifth Circuit. *See Woodall v. City of El Paso*, 49 F.3d 1120 (5th Cir.), *cert. denied*, 516 U.S. 988, 116 S.Ct. 516, 133 L.Ed.2d 425 (1995).

conduct business in ... a nude live entertainment club," is fundamentally defective because it fails to allege a culpable mental state as required by Section 6.02 of the Texas Penal Code. Although Appellant did not raise this complaint in the trial court, Article 1.14(b) of the Code of Criminal Procedure, which states that the defendant waives and forfeits right to object to defect, error, or irregularity in indictment or information, does not apply to a complaint filed in a municipal court. *Huynh v. State*, 901 S.W.2d 480, 481–82 (Tex.Crim.App.1995). Consequently, it is not waived for failure to object.

■ Except as provided by Section 6.02(b) of the Texas Penal Code, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires. TEX.PENAL CODE ANN. § 6.02(a)(Vernon 1994). If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element. TEX.PENAL CODE ANN. § 6.02(b)(Vernon 1994); *see Pollard v. State*, 687 S.W.2d 373, 374 (Tex. App.—Dallas 1985, pet. ref'd); *Clayton v. State*, 652 S.W.2d 810, 811 (Tex.App.—Amarillo 1983, no pet.). If the statute expressly dispenses with a culpable mental state, the offense is said to be a strict liability offense. *Clayton*, 652 S.W.2d at 811, *citing American Plant Food Corp. v. State*, 587 S.W.2d 679, 685 (Tex.Crim.App.1979). Since the City Code does not provide otherwise, Sections 6.02 and 6.03 apply to violations of Section 20.08.080. *See* TEX.PENAL CODE ANN. § 1.03(b)(Vernon 1994); *see also* TEX. CONST. art. 11, § 5 ("no [city] charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State.").

The ordinance that Appellant violated provides, in relevant part, that:

No person shall own, operate or conduct any business in an adult bookstore, adult motion picture theater or nude live entertainment club within one thousand feet of the following:

1. A church;

2. A public or private elementary or secondary school;

3. A nursery school, kindergarten, child care center, day nursery or day care center;

4. A university, college, vocational or business school;

5. A boundary of any residential district;

6. A public park adjacent to a residential district;

7. The property line of a lot devoted to any residential use;

8. Another adult bookstore, adult motion picture theater or nude live entertainment club.

The ordinance defines "Conduct any business" as follows:

a. Operates a cash register, cash drawer or other depository on the adult business premises where cash funds or records of credit card or other credit transactions generated in any manner by the operation of the establishment or the activities conducted therein are kept;

b. Displays or takes orders from any customer for any merchandise, goods, entertainment or other services offered on the adult business premises;

c. Delivers or provides to any customer any merchandise, goods, entertainment or other services offered on the adult business premises;

d. Acts as a door attendant to regulate the entry of customers or other persons into the business premises; and

e. Supervises or manages other persons in the performance of any of the foregoing activities on the business premises.

■ Contrary to the State's viewpoint, the ordinance does not plainly dispense with the requirement of a mental state simply because it does not expressly require one. The mere failure of an ordinance to address the subject does not plainly dispense with the mental state requirement. *United States v. United States Gypsum Co.*, 438 U.S. 422, 438, 98 S.Ct. 2864, 2874, 57 L.Ed.2d 854, 870 (1978)("[F]ar more than the simple omission of the appropriate phrase from the statutory definition is necessary to justify dispensing

with an intent requirement"); *Pollard*, 687 S.W.2d at 374. We also do not agree with the argument that this offense does not require a culpable mental state. To be sure, certain offenses, due in part to their substantial risk to public safety or health, do not require a culpable mental state. *See e.g., Zulauf v. State*, 591 S.W.2d 869 (Tex.Crim.App.1979)(speeding); *American Plant Food Corp. v. State*, 587 S.W.2d 679 (Tex.Crim.App.1979)(water pollution); *Ex parte Ross*, 522 S.W.2d 214 (Tex.Crim.App.1975)(driving under the influence of intoxicating liquor); *Neill v. State*, 225 S.W.2d 829 (Tex.Crim.App.1949)(sale of adulterated meat); *Exxon Co., U.S.A. v. State*, 646 S.W.2d 536 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd)(air pollution); *Clayton v. State*, 652 S.W.2d 810 (Tex.App.—Amarillo 1983, no pet.)(driving while license suspended). However, Section 20.08.080 is not directed at protecting the public welfare from some hazard. Instead, this type of zoning ordinance has traditionally been viewed as directed at limiting the negative secondary effects of sexually oriented businesses, and therefore, it is designed to prevent crime, protect the city's retail trade, maintain property values, and generally protect and preserve the quality of the city's neighborhoods, commercial districts, and the quality of urban life. *See City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 48, 106 S.Ct. 925, 929, 89 L.Ed.2d 29 (1986); *Schleuter v. City of Fort Worth*, 947 S.W.2d 920, 926 (Tex.App.—Fort Worth 1997, no pet.). Thus, violation of the ordinance is not the type of offense which typically does not require a culpable mental state. Further, there is a presumption in favor of a scienter requirement when a statute criminalizes otherwise innocent conduct, particularly when, as in this case, the prohibited conduct involves speech or expression protected by the First Amendment.[3] *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 71–73, 115 S.Ct. 464, 469, 130 L.Ed.2d 372, 381 (1994); *New York v. Ferber*, 458 U.S. 747, 765, 102 S.Ct. 3348, 3358–59, 73 L.Ed.2d 1113, 1127 (1982); *see also Smith v. California*, 361 U.S.

147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959). For these reasons, we conclude that the offense requires a culpable mental state. Because the complaint failed to allege a culpable mental state, it is fundamentally defective and void. *Honeycutt v. State*, 627 S.W.2d 417, 421 (Tex.Crim.App.1981); *Pollard*, 687 S.W.2d at 374. Point of Error One is sustained. The judgment is reversed and the complaint is ordered dismissed.

---

3. Erotic non-obscene printed matter, films, and live entertainment are sheltered by the First Amendment, but enjoy less protection than some other forms of speech, such as political speech. *Woodall*, 49 F.3d at 1122.