Roderic JOHNSON, Appellant,

v.

The STATE of Texas.

No. 1399–96.

Court of Criminal Appeals of Texas, En Banc.

March 25, 1998.

Allan K. Butcher, Allan K. Butcher, Jr., Fort Worth, for appellant.

Danielle A. LeGault, Asst. Dist. Atty., Fort Worth, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge, delivered the opinion of the Court joined by MANSFIELD, KELLER, HOLLAND and WOMACK, Judges.

Appellant was convicted by a jury of the offense of indecency with a child and the jury assessed punishment at confinement for two years, probated for a period of five years. In an unpublished opinion, the Court of Appeals affirmed appellant's conviction. *Johnson v. State*, No. 02–95–384–CR (Tex.App.—Fort Worth July 18, 1996 pet. granted)(not designated for publication). This Court granted review to determine whether the offense of indecency with a child requires a culpable mental state relating to the child's age. We will affirm.

The statute relevant to this issue is Section 21.11 of the Texas Penal Code. Section 21.11(a)(1) and (2) states in pertinent part that:

"(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

"(1) engages in sexual contact with the child; or

"(2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person."

Appellant argues that touching the anus, breasts, or genitals is only a crime if the circumstances of the act make it a crime. He claims that indecency with a child is a circumstances of the conduct crime which is different when compared to the nature of the conduct or result of the conduct crime, as evidenced in the offenses of gambling and murder respectively. In the instant case, appellant contends that his culpable mental state attaches to the circumstances surrounding the conduct, the child's age. Appellant relies on *McQueen v. State*, 781 S.W.2d 600 (Tex.Cr.App.1989), where this Court held that unauthorized use of a vehicle is a circumstances of conduct crime, and that the culpable mental state attaches not only to the conduct of the operating the vehicle, but also to the circumstances surrounding the conduct, that the operation is without the consent of the owner. Appellant therefore argues that a defendant must intentionally operate the vehicle, knowing the operation is without the owner's consent. Appellant compares *McQueen* with the instant case in that he should not be guilty unless he knew the victim was under age 17. He contends that the rationale used in *McQueen* should be applied to indecency with a child.

However, this Court has previously held that in cases involving the sexual assault of a child, such as rape of a child or indecency with a child, the State is not required to show that appellant knew the victim to be younger than 17 years of age. In fact, this Court held in *Vasquez v. State* that, "[I]t follows that to require the State to allege and prove the appellant know the prosecutrix to have been under the age of 17 would establish ignorance or mistake as a defense in contravention of the clear legislative intent." *Vasquez v. State*, 622 S.W.2d 864, 866 (Tex.Cr.App. 1981). Had the Legislature intended to make a provision regarding the knowledge of the victim's age it would have expressly included that requirement within Section 21.11 of the Texas Penal Code. Absence of such express language proves otherwise.

This Court in *Roof v. State* 665 S.W.2d 490, 492 (Tex.Cr.App.1984) again concludes that, "[G]iven our case law and legislative tradition running squarely against appellant's notion

that the State must prove his knowledge of the victim's age, and given the failure of the Legislature to specifically require such knowledge when it required knowledge of the victim's presence, appellant's position must fail." In case after case, this Court has held that the State is not required to show that appellant knew the victim to be under the age of 17.[1] This rule is well established and we therefore find that it is dispositive of the issue in the case at bar.

For the reasons stated above, appellant's sole ground of review is overruled. The judgment of the Court of Appeals is affirmed.

PRICE, J., filed a concurring opinion joined by MEYERS, MANSFIELD and WOMACK, JJ.

BAIRD, J., filed a dissenting opinion.

OVERSTREET, J., dissents.

PRICE, Judge, concurring.

I write separately, because although I concur with the judgment of the majority, I believe neither the majority nor the dissent fully address the issues this case presents, in terms of statutory interpretation and constitutionality.

The question presented today is what, if any, culpable mental state is required under TEX. PEN.CODE § 21.11. The issue of whether or not a culpable mental state is required for the offense of "statutory rape" has been much debated throughout the country for several decades now. As has been noted, "[p]rior to 1964, it was the universally accepted rule in the United States that a defendant's mistaken belief as to the age of the victim was not a defense to a charge of statutory rape." Colin Campbell, Annotation, *Mistake or Lack of Information as to Victim's Age as Defense to Statutory Rape*, 46 A.L.R.5th 499, 499 (1997). This court's own case law has long held that such a mistaken belief was not a defense. In what appears to be the first reported case in Texas, we relied primarily on the decisions of other states, as well as on treatises on criminal law and British decisions, for the proposition that mistake of fact as to the victim's age is no defense. *Edens v. State* 43 S.W. 89, 89 (Tex.Crim.App.1897). Although this "universal rule" was first "broken" by the California Supreme Court more than thirty years ago, *see People v. Hernandez*, 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673 (1964), such breakage has hardly been universally accepted. Instead, courts around the country have been split, not only as to the results reached, but also as to the reasons relied upon in reaching those results.[1]

---

1. *See Clark v. State*, 558 S.W.2d 887 (Tex.Cr.App. 1977)(this Court rejected an accused's contention that the indictment under V.T.C.A. Penal Code, Sec. 21.11(a)(1),(which prohibits engaging in sexual contact with a child younger than 17), failed to allege all the elements of the offense when it failed to allege the defendant's knowledge that the victim was a child); *Green v. State*, 571 S.W.2d 13 (Tex.Cr.App.1978)(the defendant contended that the indictment under which he was charged failed to allege an offense under Sec. 21.11(a)(2), this Court found the indictment sufficient even though it did not allege that the defendant know his victim was under 17 years of age).

1. For the various results reached among the various state and federal courts, *see generally,* Colin Campbell, Annotation, *Mistake or Lack of Information as to Victim's Age as Defense to Statutory Rape*, 46 A.L.R.5th 499 (1997). Among the decisions revealing the contentiousness of this issue are *Perez v. State*, 111 N.M. 160, 803 P.2d 249 (1990), in which the court allowed a defense of mistake of fact, reasoning that because the statute at issue distinguished between victims under thirteen and those between thirteen and sixteen and also focused on whether the defendant was at least eighteen or at least four years older than the victim, such statute was a "numbers game ... When the law requires a mathematical formula for its application, we cannot say that being provided the wrong numbers is immaterial." *Id.* 803 P.2d at 251; *State v. Elton*, 680 P.2d 727 (Utah 1984), *vacating upon reconsideration* 657 P.2d 1261(Utah 1982), in which the Utah Supreme Court reversed itself two years later on the issue, and declared that mistake of fact with regard to the age of the victim was a defense, while noting (680 P.2d at 732 n. 8) that the decision was itself limited by legislation which had subsequently been passed by the legislature; *State v. Guest*, 583 P.2d 836, 839 (Alaska 1978), in which the Alaska Supreme Court construed that state's statutory rape law to allow for a mistake of fact defense, noting that except for "public welfare" types of offenses, that state's constitution requires criminal intent as a part of its criminal laws (this decision was subsequently superseded by statute, *see infra* n. 8); and *Garnett v. State*, 332 Md. 571, 632 A.2d 797 (1993), perhaps the "inevitable epic" of this long debate, with a majority opinion detailing the legislative

The first consideration in today's case is one of statutory interpretation. An initial reading of § 21.11 might suggest that, in fact, a required element of the offense is knowledge of the victim's age. That is, § 21.11(a)(2) requires that the defendant *know* that "... the child is present." Whether such knowledge goes only to the victim's presence or to the fact that the victim is a child, i.e., under the age of 17 years, is not clear. This court has held that when the language of a statute is ambiguous, we may consider extratextual factors such as legislative history to determine legislative intent. *Boykin v. State*, 818 S.W.2d 782, 785–786 (Tex.Crim.App.1991). Using such legislative history, we have previously determined that the intent of the legislature was that the knowledge element of § 21.11(a)(2) applies only to the presence of the victim, rather than the victim's age. *Roof v. .State*, 665 S.W.2d 490, 491–492 (Tex.Crim.App.1984).

The next consideration is the interaction of TEX. PEN.CODE §§ 6.02 and 21.11. TEX. PENAL CODE § 6.02, titled "Requirement of Culpability," states in relevant part:

(a) Except as provided in Subsection (b), a person does not commit an offense unless he intentionally, knowingly, recklessly or with criminal negligence engages in conduct as the definition of the offense requires.

(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition *plainly dispenses* with any mental element. (emphasis added)

The issue of when an offense "plainly dispenses" with a mental element is not itself plainly evident. That is, does mere silence as to a mental element mean that the legislature intended to "plainly dispense" with any mental element, or must the text of the statute explicitly state the legislature's intent to do away with any mental element? If mere silence is not, in and of itself, sufficient to "plainly dispense" with a mental element, then under *Boykin*, supra, courts may be required to go outside of the text of the statute and consider legislative history, public policy, etc., to determine legislative intent.

Judicial interpretation of § 6.02 has varied, depending on the specific statute at issue.[2]

intent and constitutional status of the statute at issue (*Id.* 632 A.2d at 797–805), as well as two dissents (*Id.* at 805–807 (Eldridge, J., dissenting) & 807–824 (Bell, J., dissenting)) challenging those assertions.

2. In a large number of cases, this court and several lower courts have asserted that when the statute is merely silent as to a mental element, it has not plainly dispensed with one, and so one is nevertheless required. *See, e.g., Crawford v. State*, 646 S.W.2d 936, 937 (Tex.Crim.App.1983) ("endless chain"/pyramid promotional scheme); *Goss v. State*, 582 S.W.2d 782 (Tex.Crim.App. 1979) (failure to stop and render aid); *West v. State*, 567 S.W.2d 515, 516 (Tex.Crim.App. [Panel Op.] 1978) (criminal trespass); *Zachery v. State*, 552 S.W.2d 136, 137 (Tex.Crim.App.1977) (attempted rape); *Tew v. State*, 551 S.W.2d 375, 376 (Tex.Crim.App.1977) (unlawful possession of firearm by felon); *Ex Parte Winton*, 549 S.W.2d 751, 752 (Tex.Crim.App.1977) (burglary); *Rodriquez v. State*, 548 S.W.2d 26, 28–29 (Tex.Crim. App.1977) (felony murder); *Baldwin v. State*, 538 S.W.2d 109 (Tex.Crim.App.1976) (credit card abuse); *Hazel v. State*, 534 S.W.2d 698, 700 (Tex.Crim.App.1976) (unlawful possession of firearm by felon); *Braxton v. State*, 528 S.W.2d 844, 846 (Tex.Crim.App.1975) (rape); *Aguirre v. State*, No. 08–97–00408–CR, 1998 WL 32434, at *1–*2, —— S.W.2d ——, —————— (Tex.App.—El Paso Jan.29, 1998, no pet. h.) (municipal ordinance prohibiting conducting business in a nude live entertainment club located within 1,000 feet of a school); *Pollard v. State*, 687 S.W.2d 373, 374 (Tex.App.—Dallas 1985, pet. ref'd) (city ordinance prohibiting sleeping and dozing in public place); *Franklin v. State*, 682 S.W.2d 426, 427 (Tex.App.—Houston [1st Dist.] 1984, no pet.) (illegal use of shrimping equipment); *Clayton v. State*, 652 S.W.2d 810, 811–812 (Tex.App.—Amarillo 1983, no pet.) (driving with suspended license); *Diggles v. State*, 641 S.W.2d 667, 668 (Tex.App.—Dallas 1982, pet.ref'd)(illegal voter assistance); *Hang On, Inc. v. City of Arlington*, 65 F.3d 1248, 1254–1255 (5th Cir.1995) (city ordinance prohibiting touching between customers and nude employees at adult cabarets); *Howard Gault Co. v. Texas Rural Legal Aid, Inc.*, 848 F.2d 544, 563 (5th Cir.1988) (statute prohibiting picketing accompanied by slander, libel or public misrepresentation). *But see Zulauf v. State*, 591 S.W.2d 869, 872–873 (Tex.Crim.App. [Panel Op.] 1979) (holding that phrase "[n]o person *shall* drive a vehicle on the highway at a speed greater than is reasonable and prudent under the circumstances then existing ..." is clear command that legislature intended to make speeding a strict liability offense).

In other circumstances, courts have found that when the terms of the statute require a mental element that is not prescribed within the penal code, a mental state is not plainly dispensed

However, with regard to TEX. PENAL CODE § 21.11, several factors lead to the conclusion that the legislature intended that no mental element be required as to the age of the victim.

Recently in *Long v. State*, 931 S.W.2d 285 (Tex.Crim.App.1996), we declared the stalking provision of a harassment statute unconstitutional. In doing so, we noted that particular subdivisions of that statute prescribed a culpable mental state. From this, we reasoned that the legislature intended only those subdivisions of the statute, and no others, to require a culpable mental state. *Id.* at 291. In the present case, the relevant portion of § 21.11 reads as follows:

(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

(1) engages in sexual contact with the child; or

(2) exposes his anus or any part of his genitals, *knowing* the child is present, with *intent* to arouse or gratify the sexual desire of any person. (emphasis added)

Thus, it can be implied, similar to the reasoning in *Long*, that since § 21.11(a)(2) contains the mental elements "knowing" and "intent," and since those same mental elements are apart from the provision of § 21.11(a), which specifies the age of the victim, the intent of the legislature was to dispense with a culpable mental state as to the victim's age. The dissent states that I am "... unable to point to *any* language in the statute which 'plainly

dispenses' with a culpable mental state." *Post*, at 855. But, it is precisely the *absence* of a culpable mental state as to the victim's age, when the legislature has prescribed mental elements as to other portions of the offense, that makes the legislative intent clear.

This conclusion is further bolstered by comparing the previous versions of § 21.11 with its current enactment. Prior to the enactment of the current penal code, the offense at issue here was codified, in part, by the following provisions:

It shall be unlawful for any person with lascivious *intent* to *knowingly and intentionally* expose his or her private parts or genital organs to any other person, male or female, under the age of sixteen (16) years. (emphasis added)

Acts 1950, 51st Leg., 1st C.S., p. 50, ch. 9, *repealed by* Acts 1973, 63rd Leg., p. 991, ch. 399, § 3(a), effective January 1, 1974.

It shall be unlawful for any person with lascivious *intent* to *intentionally* place or attempt to place his or her hand or hands, or any portion of his or her hands upon or against a sexual part of a male or female under the age of fourteen (14) years, or to in any way or manner fondle or attempt to fondle a sexual part of a male or female under the age of fourteen (14) years, or to *intentionally* place or attempt to place his or her hands or any part of his or her hands upon the breast of a female under the age of fourteen (14) years, or to in any

with, so that a mental state specifically prescribed within the penal code (i.e., intentional, knowing, reckless, or criminally negligent) is required. *See, e.g., Honeycutt v. State*, 627 S.W.2d 417, 424 (Tex.Crim.App. [Panel Op.] 1981) (municipal offense of prohibiting negligent collision); *Bocanegra v. State*, 552 S.W.2d 130, 132 (Tex. Crim.App.1977) (welfare fraud).

Sometimes, courts have gone outside of the text of the statute and examined legislative history to determine whether a culpable mental state is required. *See, e.g., American Plant Food Corp. v. State*, 587 S.W.2d 679, 684–686 (Tex.Crim. App.1979) (en banc) (water pollution—no culpable mental state required); *Ex Parte Ross*, 522 S.W.2d 214 (Tex.Crim.App.1975), *cert. denied*, 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975) (driving while intoxicated—no culpable mental state required); *Exxon Co., U.S.A. v. State*, 646 S.W.2d 536, 537–538 (Tex.App.—

Houston [1st Dist.] 1982, pet. ref'd)(air pollution—no culpable mental state required).

Finally, public policy has been occasionally considered in determining if a culpable mental state is required. *See, e.g., Aguirre v. State*, No. 08–97–00408–CR, 1998 WL 32434, at *2, —— S.W.2d ——, —— (Tex.App.—El Paso Jan.29, 1998, no pet. h.) (municipal ordinance prohibiting conducting business in a nude live entertainment club located within 1,000 feet of a school); *Baggett v. State*, 691 S.W.2d 779, 782 (Tex.App.-Beaumont 1985), *rev'd on other grounds*, 722 S.W.2d 700 (Tex.Crim.App.1987) (refusal to allow inspection by proper official of certain aquatic products in possession of licensed wholesale fish dealer—no culpable mental state required); *Exxon Co., U.S.A. v. State*, 646 S.W.2d 536, 538 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd) (air pollution-no culpable mental state required).

way or manner fondle or attempt to fondle the breast of a female under the age of fourteen (14) years. (emphasis added)

Acts 1950, 51st Leg., 1st C.S., p. 52, ch. 12, *repealed by* Acts 1973, 63rd Leg., p. 991, ch. 399, § 3(a), effective January 1, 1974.

In these previous versions of § 21.11, it is not clear exactly "how far down" the italicized mental states are meant to "travel," i.e., whether or not they are meant to modify the age of the victim. However, it is notable that when redrafting these provisions for the current penal code, the legislature chose to break the offense down into several separate parts and to clearly remove the mental elements from the portion of the statute having to do with the victim's age. This further suggests that there was no intent on the part of the legislature for there to be any mental element as to the victim's age.

Finally, it is notable that since it was first passed by the legislature as part of the penal code in 1973, § 21.11 has been amended several times.[3] In two of these amendments, the legislature made substantial changes as to the affirmative defenses available within the statute itself.[4] The fact that neither of these changes relates to the issue of culpable mental state and the defense of mistake of fact (Tex. Pen.Code § 8.02), coupled with the context in which these issues have been hotly debated around the country by both legislatures and courts, reinforces the conclusion that, with regard to § 21.11, the legislative

intent is to "plainly dispense" with any mental element as to the victim's age.

Furthermore, although the United States Supreme Court has never specifically ruled on the constitutionality of prohibiting a defense of mistake of fact as to the victim's age in cases of "statutory rape," that court has repeatedly suggested over the years that such a prohibition is not constitutionally infirm. This can be inferred from the following: (1) in a 1994 decision construing a federal child pornography statute, in which the court held that the term "knowingly" applied to the minority of the performers and noted that if it were not to construe the statute that way, the statute might be unconstitutional, it noted in passing that "... we do not think the common law treatment of sex offenses militates against our construction of the present statute." *United States v. X–Citement Video, Inc.*, 513 U.S. 64, 78 & 72 n. 2, 115 S.Ct. 464, 472 & 469 n. 2, 130 L.Ed.2d 372 (1994)[5]; (2) in 1982, the Supreme Court declined to hear an appeal of a decision by the Supreme Court of Pennsylvania holding that a denial of the defense of mistake of fact as to the victim's age did not violate the U.S. Constitution, on the grounds of lack of a "substantial federal question." *Robinson v. Pennsylvania*, 457 U.S. 1101, 102 S.Ct. 2898, 73 L.Ed.2d 1310 (1982), *dismissing appeal Commonwealth v. Robinson*, 497 Pa. 49, 438 A.2d 964 (1981).[6] Given these facts, as well as Texas' long tradition of refusing to recognize the defense of mistake of fact as to the victim's age,[7] I believe that neither the

---

3. *See* Tex. Pen.Code Ann. § 21.11 credits & historical notes (Vernon 1994) [Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan. 1, 1974. Amended by Acts 1981, 67th Leg., p. 472, ch. 202, § 3, eff. Sept. 1, 1981; Acts 1987, 70th Leg., ch. 1028, § 1, eff. Sept. 1, 1987; Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994].

4. *See* Acts 1981, 67th Leg., p. 472, ch. 202, § 3, eff. Sept. 1, 1981; Acts 1987, 70th Leg., ch. 1028, § 1, eff. Sept. 1, 1987.

5. The dissent cites *X–Citement Video* as authority in support of its position that § 21.11 requires a *mens rea* as to the age of the victim. *Post*, at 856–859. However, as noted above, and as one of our intermediate appellate courts has previously stated, that decision specifically distinguished common law sex offenses from the reasoning used by the Supreme Court in that decision. *Duron v. State*, 915 S.W.2d 920, 922 (Tex.App.—Houston [1st Dist.] 1996) (citing *X–*

*Citement Video*, 513 U.S. at 72 n. 2, 115 S.Ct. at 469 n. 2), *aff'd on other grounds*, 956 S.W.2d 547 (Tex.Crim.App.1997).

6. Unlike denials of certiorari, dismissals for want of a substantial federal question do carry some, albeit limited, precedential weight. *See Illinois State Board of Elections v. Socialist Workers Party*, 440 U.S. 173, 180–183, 99 S.Ct. 983, 988–989, 59 L.Ed.2d 230 (1979); *Mandel v. Bradley*, 432 U.S. 173, 176–177, 97 S.Ct. 2238, 2240–2241, 53 L.Ed.2d 199 (1977).

7. The dissent cites to *McQueen v. State*, 781 S.W.2d 600 (Tex.Crim.App.1989) in support of its position that § 21.11 requires a culpable mental state as to the age of the victim. *Post*, at 857–859. *McQueen*, however, dealt with a statute prohibiting unauthorized use of a vehicle. § 21.11 is distinguishable from that statute for the simple reason that it codifies a common law

United States Constitution nor the Texas Constitution mandate that such a defense be allowed.[8] Therefore, I concur with the judgment of the majority.[9]

MEYERS, MANSFIELD and WOMACK, JJ., join

BAIRD, Judge, dissenting.

Believing the majority's holding conflicts with the laws of the State of Texas which seek *not* to criminalize conduct that is without guilt, I dissent.

## I.

"The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in the freedom of human will and a consequent ability and duty of the normal individual to choose between good and evil." *Morissette v. United States,* 342 U.S. 246, 250, 72 S.Ct. 240, 243, 96 L.Ed. 288 (1952). The requirement of a culpable mental state descended from the Eighteenth Century common-law theory that to constitute a crime there must be a "vicious will." *Id.,* 342 U.S. at 251, 72 S.Ct. at 244 (citing 4 Bl. Comm. 21). Speaking of the requirement

of *mens rea* or "vicious will," the Court stated:

> Crime, as a compound concept, generally constituted only from concurrence of an evil-meaning mind with an evil-doing hand, was congenial to an intense individualism and took deep and early root in American soil. As the states codified the common law crimes, even if their enactments were silent on the subject, their courts assumed that the omission did not signify disapproval of the principle but merely recognized that intent was so inherent in the idea of the offense that it required no statutory affirmation.

*Id.,* 342 U.S. at 251–252, 72 S.Ct. at 244.[1]

The mandate of *Morissette* has been expressly recognized by our Legislature in at least two statutory provisions. First, the Penal Code is to be construed, *inter alia,* to "safeguard conduct that is without guilt from condemnation as criminal." Tex. Penal Code Ann. § 1.02(4).[2] Second, virtually every offense enumerated in the Penal Code prescribes a culpable mental state. And in the rare offense where a culpable mental state is not prescribed, one is nevertheless required. Tex. Penal Code Ann. § 6.02(b).[3]

---

sex offense which has traditionally been excepted from the *mens rea* requirement of most criminal offenses. *See Morissette v. United States,* 342 U.S. 246, 251 n. 8, 72 S.Ct. 240, 244 n. 8, 96 L.Ed. 288 (1952).

**8.** The drafters of the Model Penal Code advocate that mistake of fact as to the victim's age be allowed as a defense, at least "[w]hen criminality depends on the child's being below a critical age other than 10." MODEL PENAL CODE § 213.6(1) & cmt. 2 (Official Draft). As well, a few state legislatures have made decisions allowing for the defense of mistake of fact, to varying degrees. *See* ALASKA STAT. § 11.41.445(b) (1997); OR.REV. STAT. § 163.325(1) & (2) (1996); WASH. REV.CODE § 9A.44.030(2) & (3) (1997). These facts suggest that refusing to allow such a defense may be an unwise policy; nevertheless, it *is* a policy decision, and thus one for the legislature, rather than the courts, to make.

**9.** The dissent dramatically characterizes the majority of members of this court as "... believ[ing] the legislature intends to punish as a *registered sex offender* an individual who engages in consensual sexual intercourse with a child even if the child appears to be 17, acts 17, has a fake

identification card that represents her age to be 17, has support from friends that she is 17, and convincingly acts 17. Clearly, the law was not designed to punish such an individual." *Post,* at 858 n. 4. What is clear is that the legislature intended to punish those who engage in conduct proscribed by § 21.11, and to have registered as sex offenders those who violate certain provisions of the penal code, including § 21.11. As the appellant violated the terms of § 21.11 and was found guilty of doing so, he is subject to its punishment, as well as to the mandates of Chapter 62 of the Texas Code of Criminal Procedure.

**1.** Oliver Wendell Holmes recognized that "criminal liability is founded on blameworthiness" and "a law which punished conduct which would not be blameworthy in the average member of the community would be too severe for that community to bear." Oliver Wendell Holmes, *The Common Law* 50 (Boston, Little, Brown & Co. 1881).

**2.** When considering statutory construct, the Tex. Penal Code Ann. § 1.05(a), specifically states: "... The provisions of this code shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code."

An offense without a prescribed culpable mental state creates strict criminal liability. Strict liability offenses are disfavored because:

> ... [t]o punish conduct without reference to the actor's state of mind is both inefficacious and unjust. It is inefficacious because conduct unaccompanied by an awareness of the facts making it criminal does not mark the actor as one who needs to be subjected to punishment in order to deter him or others from behaving similarly in the future, nor does it single him out as a socially dangerous individual who needs to be incapacitated or reformed. It is unjust because the actor is subjected to the stigma of a criminal conviction without being morally blameworthy. Consequently, on either a preventative or retributive theory of criminal punishment, the criminal sanction is inappropriate in the absence of mens rea.

Wayne R. LaFave and Austin W. Scott, Jr., *Substantive Criminal Law*, Vol. I, p. 348. This stigma is especially severe in the case of a rape conviction. Herbert Packer, *Mens Rea and the Supreme Court*, 1962 Sup.Ct. Rev. 107, 109 (1962).

## II.

The question presented by the instant case is whether the offense of indecency with a child requires a culpable mental state as to the age of the complainant. At the times relevant to the instant case, Tex. Penal Code Ann. § 21.11 (West 1994) provided:

> (a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
>
>> (1) engages in sexual contact with the child.

Tex. Penal Code Ann. § 21.01(2) (West 1994) defined sexual contact as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person."

The concurring judge concludes the statute has plainly dispensed with a culpable mental state. However, that conclusion is not reached after considering the clear language of the statute. Rather that conclusion is reached only after consulting a twisted trail of legislative history, bolstered by previous versions of the statute, and suggestions as to the intent of the legislature when redrafting the law. Exhausting as his argument may be, he is unable to point to *any* language in the statute which "plainly dispenses" with a culpable mental state. And his footnote detailing myriads of cases where "this court and several lower courts have asserted that when the statute is merely silent as to a mental element, it has not plainly dispensed with one, and so one is nevertheless required," undermines his conclusion. *Ante*, at 851–852, n. 2. In addition, the concurring judge's opinion that "it is precisely the *absence* of a culpable mental state as to the victim's age, when the legislature has prescribed mental elements as to other portions of the offense, that makes the legislative intent clear," renders Tex. Penal Code Ann. § 6.02 a nullity. *Ante* at 852 (emphasis in the original). This "absence" does not elucidate the intent of the legislature, as posited by the concurrence.

Contrary to the concurring judge's position, the legislature has not plainly dispensed with the required culpable mental stated for the offense of indecency with a child. When the legislature has intended to dispense with this requirement, the intent is clear. For example Tex. Penal Code Ann. § 7.22: Criminal Responsibility of Corporation or Association, provides:

> (a) If conduct constituting an offense is performed by an agent acting in behalf of a corporation or association and within the scope of his office or employment, the corporation or association is criminally responsible for an offense defined:

All emphasis is supplied unless otherwise indicated.

---

**3.** Tex. Penal Code Ann. § 6.02(b) provides:
  If the definition of an offense does not prescribe a culpable mental state, *a culpable mental state is nevertheless required unless the definition plainly dispenses with it.*

(1) in this code where corporations and associations are made subject thereto;

(2) by law other than this code in which a *legislative purpose to impose criminal responsibility on corporations or associations plainly appears;* or

(3) by law other than this code for which strict liability is imposed, *unless a legislative purpose not to impose criminal responsibility on corporations or associations plainly appears.*

## III.

The instant case should be analyzed in light of two cases, one from the United States Supreme Court and the other from this Court.

## A.

The first case is *United States v. X–Citement Video,* 513 U.S. 64, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994), where the defendant's *mens rea* as to the age of the participant was not a statutory element of the charged crime. Nevertheless, the Supreme Court extended the stated culpable mental state to every element within the offense. The statute in question provided, in relevant part:

(a) Any person who-

(1) knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if-

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct;

(2) knowingly receives, or distributes any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or

foreign commerce or through the mails, if-

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct.

*Id.,* 513 U.S. at 68, 115 S.Ct. at 467.

Even though a grammatical reading of the statute suggested the term "knowingly" only modified the surrounding verbs, the Court concluded the statute, when properly read, required the actor know the age of the performer. The Court reasoned:

Our reluctance to simply follow the most grammatical reading of the statute is heightened by our cases interpreting criminal statutes to include broadly applicable scienter requirements, even where the statute by its terms does not contain them.

*Id.,* 513 U.S. at 70, 115 S.Ct. at 468. In reaching their conclusion, the Court held:

A final canon of statutory construction supports the reading that the term "knowingly" applies to both elements. Cases such as [*New York v.*] *Ferber,* 458 U.S., [747] at 765, 102 S.Ct., [3348] at 3359 [, 73 L.Ed.2d 1113 (1982)] ("As with obscenity laws, criminal responsibility may not be imposed without some element of scienter on the part of the defendant"); *Smith v. California,* 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959); *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); and *Osborne v. Ohio,* 495 U.S. 103, 115, 110 S.Ct. 1691, 1699, 109 L.Ed.2d 98 (1990), suggest that *a statute completely bereft of a scienter requirement as to the age of the performers would raise serious constitutional doubts.* It is therefore incumbent upon us to read the statute to eliminate those doubts so long as such a reading is not plainly contrary to the intent of Congress.

*Id.,* 513 U.S. at 78, 115 S.Ct. at 472.

The core of the statute was the age of the performer; "the age of the performers is the crucial element separating legal innocence from wrongful conduct." *Id.,* 513 U.S. at 73, 115 S.Ct. at 469. The Supreme Court could

not have more plainly expressed the inherent difficulty with the statute's lack of an intent element by holding the statute would probably not pass constitutional muster. The Court held it was their *responsibility* to interpret the statute in a way that would first pass constitutional considerations and not plainly dispense with congressional intent.

In Texas, if there is a dispute over the meaning of the statute, the literal text of the statute controls. *Boykin v. State,* 818 S.W.2d 782 (Tex.Cr.App.1991). As the *Boykin* Court held, "the statute *is the law* in the sense that it is the only thing actually adopted by the legislators ..." *Id.,* 818 S.W.2d at 785,(emphasis in the original). The reasons for this type of statutory interpretation were made clear in *Boykin:*

> When attempting to discern this collective legislative intent or purpose, we necessarily focus our intention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment ... We focus on the literal text also because the text is the only *definitive* evidence of what the legislators (and perhaps the Governor) had in mind when the statute was enacted into law. There really is no other certain method for determining the collective legislative intent or purpose at some point in the past, even assuming a single intent or purpose was dominant at the time of enactment. Yet a third reason for focusing on the literal text is that the Legislature is *constitutionally entitled* to expect that the Judiciary will faithfully follow the specific text that was adopted. (emphasis in the original).

*Boykin,* 818 S.W.2d at 785.

Consequently, the majority is incorrect when they state: "Had the Legislature intended to make a provision regarding the knowledge of the victim's age it would have expressly included the requirement within Section 21.11 of the Texas Penal Code." *Ante,* at 849–850. This type of interpretation conflicts with *Boykin, supra,* and fails to acknowledge the existence of Tex. Penal Code Ann. § 6.02.

**B.**

The second case is *McQueen v. State,* 781 S.W.2d 600 (Tex.Cr.App.1989), which considered the culpable mental states associated with the offense of unauthorized use of a motor vehicle. For commission of such an offense, three elements were required to be proven: "(1) that a defendant operated a motor-propelled vehicle; and, (2) that he knew he was operating the vehicle; and, (3) that he did so without the permission of the owner." *Id.,* 781 S.W.2d at 602. The *McQueen* Court held the State was required to prove McQueen operated the motor vehicle *knowing* such operation was without the owner's effective consent. *Ibid.* Otherwise, unauthorized use of a motor vehicle would be a strict liability offense because:

> ... once the State proved that the vehicle was operated at all, the requisite mental state with regard to the nature of conduct would be self-proved, (we cannot foresee any time one would operate a vehicle unintentionally or unknowingly), and the defendant would be held liable regardless of anyone's awareness of the owner's consent or lack thereof. To require culpability only as to the otherwise lawful act of operating a vehicle wholly fails to 'safeguard conduct that is without guilt from condemnation as criminal.'

*Id.,* 781 S.W.2d at 604. The Court's reasoning for requiring the culpable mental state for each element of the offense was:

> ... what separates lawful operation of another's motor vehicle from unauthorized use is the actor's knowledge of a "crucial circumstance surrounding the conduct"— that such operation is done without the effective consent of the owner. Accordingly ... we believe Sec. 6.03(b) *requires proof of the actor's knowledge of this circumstance.*

> Further support for this proposition comes from (V.T.C.A., Penal Code, Sec. 1.02(4), one of the basic objectives of the Penal Code: 4) to safeguard conduct that is without guilt from condemnation as criminal;

*Id.,* 781 S.W.2d at 604.

**C.**

In light of *X–Citement Video* and *McQueen,* the law may be stated as follows:

If the conduct itself is not illegal, i.e., operating a motor vehicle, then a culpable mental state regarding the circumstances of the offense is required.

## IV.

### A.

With the foregoing in mind, consider the instant case where the 19 year old appellant engaged in consensual sexual intercourse with the complainant, a 12 year old girl. Appellant was told by the complainant and her friend that the complainant was 17 years old. Several witnesses, including the complainant herself, testified she frequently told people she was older than 12. The evidence also showed the complainant appeared to be older than her chronological age. There was also evidence of several telephone calls by the complainant entreating appellant to engage in sexual intercourse. The day after the sexual intercourse, the complainant informed her mother and appellant was subsequently arrested and charged with aggravated sexual assault of a child and indecency with a child.

At trial, appellant admitted to engaging in sexual intercourse with the complainant but testified that he did not know she was under 17 years of age. Appellant requested a jury charge on mistake of fact. Tex. Penal Code Ann. § 8.02. The trial judge denied the requested instruction. During their deliberations, the jury sent out the following note:

> Does "intentionally or knowingly" refer to what he did with his penis i.e.: inadvertent contact vs. intentional contact or does "intentionally or knowingly" cause the penetration of the female sexual organ of a child refer to *knowing that she was a child?* We have to understand the meaning of the law.

The trial judge did not answer the question and appellant was convicted of the lesser charged offense, indecency with a child. The range of punishment for that offense is from two to twenty years imprisonment and a possible fine of up to $10,000. Tex. Penal

Code Ann. §§ 21.11(a)(1), (c), and 12.33. The jury assessed the minimum punishment allowed by law, two years probation with no fine.

On appeal, appellant argued that knowledge of the complainant's age was required for conviction and the trial judge erred in denying the mistake of fact charge. The Court of Appeals restated appellant's argument:

> Johnson argues that a culpable mental state which does not require knowledge of the complainant's age "miss[es] the whole point of the offense." He notes that the act in question is not criminal unless the complainant is under the age of 17. He then argues that the intent or knowledge that the person is under 17 should be the required culpable mental state which makes the act an offense. We admit that Johnson's logic is reasonable. The current state of the law, however, is not based on a fault in Johnson's logic, but instead on a countervailing public policy.

*Johnson v. State,* No. 2–95–384–CR, slip op. pp. 8–9 (Tex.App.—Fort Worth July 18, 1996)(not designated for publication). The Court of Appeals affirmed the judgment of the trial court stating: "because we find that a mistake about the age of a child has no bearing on the requisite culpable mental state for indecency with a child, we hold that mistake of fact is not a proper jury charge...." *Id.,* at 10.

### B.

The instant case should be resolved using the reasoning of *X–Citement Video, supra,* and *McQueen, supra.* Consistent with those holdings, a crime cannot be completed by mere conduct, in this case consensual sexual intercourse, without proving a culpable mental state regarding the circumstances of the offense. This is especially true in light of Tex. Penal Code Ann. § 1.02(4), where the objective of the Code is "to safeguard conduct that is without guilt from condemnation as criminal."[4] If a conviction for the offense

---

4. The majority and concurrence believe the legislature intends to punish as a *registered sex offender* an individual who engages in consensual sexu-

al intercourse with a child even if the child appears to be 17, acts 17, has a fake identification card that representing her age to be 17, has

of unauthorized use of a motor vehicle cannot rest on the mere operation of the vehicle, a conviction for indecency with a child cannot rest on the mere act of consensual sexual intercourse.

Operating a vehicle is not *per se* illegal and neither is consensual sexual intercourse. The age of the child is "the crucial element separating legal innocence from wrongful conduct." *X–Citement Video*, 513 U.S. at 73, 115 S.Ct. at 469. Because the gravamen of the offense of indecency with a child is the age of the complainant, the defendant must have knowledge of that age in order to suffer criminal liability.

support from friends that she is 17, and convincingly acts 17. Clearly, the law was not designed to punish such an individual.