11th Court of Appeals
Eastland, Texas
Opinion
 
Ramiro Rodriguez Cruz
            Appellant
Vs.                  No. 11-03-00158-CR -- Appeal from Dallas County
State of Texas
            Appellee
 
            The trial court found Ramiro Rodriguez Cruz guilty of indecency with a child and sentenced
him to six years imprisonment. Appellant claims in two issues that the evidence was legally and
factually insufficient to show physical sexual contact and that the State failed to prove that appellant
intended to engage in sexual contact with the child. We affirm.
            TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003) provides that a person commits an
offense of indecency with a child if, with a child younger than 17 years, the person engages in sexual
contact with the child or causes the child to engage in sexual contact. 
            In reviewing claims of legal sufficiency, we review all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). In order to determine if the evidence is factually
sufficient, we must review all of the evidence in a neutral light and determine whether the evidence
supporting guilt is so weak that the verdict is clearly wrong and manifestly unjust or whether the
evidence contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden of proof
could not have been met. Zuniga v. State, No. 539-02, 2004 WL 840786 (Tex.Cr.App. April 21,
2004); Ross v. State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d
126 (Tex.Cr.App.1996). Due deference must be given to the jury’s determination, particularly
concerning the weight and credibility of the evidence. Johnson v. State, 23 S.W.3d 1 (Tex.
Cr.App.2000). The jury is the exclusive judge of the witnesses’ credibility and of the testimony’s
weight. See Whitaker v. State, 977 S.W.2d 595, 598 (Tex.Cr.App.1998), cert. den’d, 525 U.S. 1108
(1999).
            The loss prevention officer at Wal-Mart observed appellant and the victim rubbing each
other’s testicles and penises. The officer testified that the two were in adjoining stalls in the men’s
bathroom at Wal-Mart. The custom service manager of the Wal-Mart testified that he saw an erect
penis “coming out from underneath the stall” where appellant was. The 13-year-old victim testified
that appellant “grabbed” the victim’s genitals and told him to touch appellant’s genitals. The victim
testified that he touched appellant’s genitals for five minutes.
            Despite the testimony of the two eyewitnesses and the victim, appellant argues that the victim
testified that he stayed on the toilet seat in his stall and, therefore, that sexual contact was impossible. 
The victim testified that appellant’s kneeling made the sexual contact possible. The victim
demonstrated his position on the toilet and testified that he moved closer to appellant when appellant
told him to. The State introduced a diagram and numerous photographs of the restroom to expand
on this testimony. The victim did contradict his written statement describing his position in the stall,
but he did not contradict his testimony that he touched appellant’s genitals and that appellant touched
his genitals.
            Appellant claims that sexual contact was impossible because of the victim’s position in the
bathroom stall and that the witnesses did not have a clear view of the offense. However, the jury is
the exclusive judge of the witnesses’ credibility and the testimony’s weight. See Whitaker v. State,
supra. Giving due deference to the jury’s determination concerning the weight and credibility of the
evidence, the evidence was legally and factually sufficient to support the conviction. See Johnson
v. State, supra. A rational trier of fact could have found the essential elements of child indecency
based on the testimony of the two Wal-Mart employees and the victim. Their testimony was not
outweighed by contrary evidence. Appellant’s second issue is overruled.
            Regarding appellant’s other claim, the State is not required to show that appellant knew the
victim’s age to be under 17 years when the sexual contact occurred. See Johnson v. State, 967
S.W.2d 848, 850 (Tex.Cr.App.1998). Appellant’s first issue is overruled.
 
 
            The judgment of the trial court is affirmed.
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
September 2, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.